Norris v. Moore.

## NORRIS v. MOORE.

1. N agreed to employ M to keep a grocery for him for twelve months, at the rate of twelve dollars a month; to furnish him provisions, liquors, &c., and agreed that N might pay him one dollar and fifty cents for each gallon of whiskey sold, and retain the surplus, instead of the wages agreed on.—*Held*, That while the contract was subsisting, N had no right to leave the employ of M, before the expiration of the twelve months, and that if he did, his right to compensation was gone.

Writ of error to the County Court of Cherokee county.

COVENANT upon a contract under seal, by which the defendant agreed to employ the plaintiff, for the term of twelve months, to go to Cedar Bluff, and help to erect a house, and also to keep a grocery. The plaintiff bound himself to attend diligently to the business, and to take good care of all things committed to his care by the defendant; to make the best sales of the same, in such way and manner as the defendant should direct, and make true return of all the proceeds to the defendant, when he should call for the same.

The defendant bound himself to furnish the plaintiff with such materials as would be comfortable for cooking, and provisions uncooked, together with some cooking utensis, and to

pay the plaintiff for his services at the rate of twelve dollars per month.    Or the said defendant was to allow the plaintiff a chance to make a trial of selling, after he should commence, and until the defendant should return with another parcel of liquors; and if the plaintiff then thought proper, he might pay over to the defendant, one dollar and fifty cents per gallon for every gallon of whiskey he might then have sold, and retain the overplus, in place of the twelve dollars per month.

The plaintiff then avers that he entered upon the service of the defendant under the said covenant, and remained therein from the day and year last aforesaid, (which however is left entirely blank in the previous part of the declaration) until —— (another blank.)  It then avers the failure of the defendant to furnish the articles before agreed on; that the plaintiff made his election to receive the twelve dollars per month, and the neglect to pay the twelve dollars per month for one year; and concludes, that so the defendant has broken his covenant to the plaintiff's damage of five hundred dollars.

The defendant demurred, and the Court overruled the demurrer; whereupon he pleaded as follows:

The defendant says *actio non*, because he saith that the said plaintiff did not truly and faithfully serve the defendant according to the form and effect of the said agreement, but wholly neglected so to do; and on the contrary thereof, the said plaintiff, after the making the said articles of agreement, and during the said term therein mentioned, departed and absented himself from the service of the defendant, and during the said time went into the service and employment of others, without the consent and against the will of the defendant, and continued therein, and hath commenced this action against the defendant before the expiration of the said twelve months, on the articles mentioned, the contract being still open and entire, and hath not returned to the service of the defendant; of all which, he puts himself upon the country.

To this the plaintiff demurred, and the Court having overruled the demurrer, he then replied that the said plaintiff remained in the employment of said defendant until and so long as the said defendant would permit him, and of this he put himself upon the country.

In the record are found two other pleas, which are to this effect:

*Actio non,* because he saith that from the plaintiff's own showing, he has not continued in the employ of the defendant for the term of twelve months, or for any other specific period, so as to entitle himself to call on the defendant to answer.

*Actio non,* because he saith that the said plaintiff by his own shewing of the instrument declared, shows that it contains conditions precedent, which were to be performed by plaintiff, which have not been performed by him.

The defendant demurred to the pleas, but no notice is taken of his demurrer by the Court, and he afterwards replied to the first of the two last stated, that he had performed the conditions precedent so far as the defendant would permit him.

The case was tried as on an issue, and a verdict found for the defendant, on which judgment was rendered.

It is stated in the judgment entry, that a re-pleader was awarded, but this is presumed to refer to other pleadings not shewn by the record.

To reverse this judgment, the plaintiff prosecutes his writ of error, and assigns that the Court erred in awarding a re-pleader, and in overruling the demurrers to the first, second and third pleas.

GOLDTHWAITE, J.—The declaration in this case, although it assigns a breach of the covenant, in not furnishing the cooking utensils, &c. as provided for, shews also that this did not prevent the plaintiff from entering upon the service of the defendant, and the cause of action is substantially for the twelve dollars per month, although damages might likewise be recovered for the failure to provide provisions, &c. But it is equally certain that the plaintiff had no right, under the contract, and whilst it was subsisting, to leave the service of the defendant until the expiration of twelve months; and if he did so, his right to compensation, was entirely gone, both as to the wages for his services, and the amount which he might have expended for provisions, &c.

In this view of the contract, the plea is a complete answer to the declaration, and its only defect is, that it concludes to the country instead of with a verification.

We consider the conclusion of a plea as mere matter of form, which cannot be reached by demurrer. This being its only defect, the demurrer to it was correctly overruled.

With respect to the other pleas, no action seems to have been had by the Court upon them, and therefore we cannot intend they were demurred to, or that the Court sustained them. As to the re-pleader, we can arrive at no conclusion, that it was wrong, because it does not appear that any action was had upon it, or that in point of fact any new pleadings were had.

Our conclusion is, that no error is shewn in the record, and the judgment is affirmed.