## PINCKNEY v. TALMAGE.

Plaintiff, after having been in defendants' employment for some time, received from defendants the following letter: "We have noticed you past month whilst under our eyes, and have been pleased with your work. No one who shows an interest in our business will go unrewarded. Your salary from Nov. 1st will be per month at rate of $500 a year." *Held*, that this letter made an employment by the month and not by the year, and in action by plaintiff to recover the salary for the remainder of the unexpired year, after the month in which he was dismissed without just cause, he was properly non-suited.

Before WITHERSPOON, J., Charleston, March, 1889.

Action by Alfred G. Pinckney against John F. Talmage, Dan Talmage, and C. J. Huguenin, partners as Dan Talmage's Sons & Co. Plaintiff testified that he had been in defendant's employment for over four years as office boy, invoice clerk, and shipper, successively, until his discharge in November, 1887; that he generally drew his salary during each month; that he received the letter set forth in the opinion on October 30, 1886; that he was discharged without just cause, &c.

*Messrs. Buist & Buist*, for appellant.

*Messrs. McCrady, Sons & Bacot*, contra.

March 24, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant had been in the employment of the respondents as a clerk for some time previous to the 30th day of October, 1886. On that day the appellant received a letter from respondents, of which the following is a copy: "Mr. A. G. Pinckney: We have noticed you past month whilst under our eyes, and have been pleased with your work. No one who shows an interest in our business will go unrewarded. Your salary from Nov. 1st will be per month at rate of $500 a year." The appellant was dismissed on the 7th of November, 1887, but his salary was paid up for that month, November, 1887. On the 15th day of December, 1888, the action below was com-

menced, the plaintiff alleging in his complaint a contract of employment by the year at an annual salary of $500, commencing November 1, 1886, and a dismissal without reasonable cause on the 7th of November, 1887, and demanding judgment for $500 alleged to be due for the year ending 31 October, 1888, less what he had received for that year. The question before the Circuit Court was whether the employment was by the year or by the month, and the Circuit Judge, holding it, under the letter *supra* of October, 1886, to be by the month, non-suited the plaintiff.

The appeal alleges error to this ruling. It turns, therefore, upon the construction of said letter. Did the respondents mean to contract by the year of a salary of $500, or by the month at that rate? There can be no question but that the services were to be estimated and paid for by the month at the rate of $500 per year. That was the language of the notice given the plaintiff in October, 1886, and we think it was clearly inferable from that language, that the employment was by the month, and, therefore, that his honor was correct in so construing the letter.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.