# Moss *v.* Decatur Land Improvement & Furnace Company.

93 269|
132 281|

*Action for Wages under Contract of Hiring.*

1. *Contract of hiring "by the month."*—Under a contract of hiring "by the month, at $60 per month," no particular term being specified, if the employé leaves the service in the middle of a month, without just cause or excuse, he can recover nothing for his services during that month; and if he is discharged at any time during the month, without just cause or excuse, he is entitled to recover the stipulated wages for the entire month.

APPEAL from the City Court of Decatur.
Tried before the Hon. WM. H. SIMPSON.

WERT & SPEAKE, for appellant.

BRICKELL, HARRIS & EYSTER, *contra.*

COLEMAN, J.—When there is no conflict in the evidence, it is the duty of the court to declare the conclusion of the law. The court charged the jury, if they believed the evidence, to find for the defendant. It appears from the bill of exceptions that, in the month of February, plaintiff was employed as book-keeper for defendant, at the price of fifty dollars per month; and that he went to work beginning on the 6th day of February, and worked the balance of the month *at that rate*, and was paid at the end of the month at the rate of fifty dollars per month; that nothing more was said, and he worked through March and April, receiving at the end of each month fifty dollars. On the first of May, it was agreed that defendant should pay plaintiff sixty dollars per month, which amount was paid him at the end of the month. "That nothing was said about a hiring by the day, or week, or year, but that he was employed and was to be paid by the month at sixty dollars per month, for no special time." Without any further understanding, plaintiff continued his services until he was discharged on the 14th day of June. There was no reason

assigned for discharging plaintiff, except a desire to lessen expenses, and plaintiff offered to continue his services. Defendant tendered to plaintiff twenty-eight dollars for, the fourteen days of service rendered in June, being the amount then owing at the rate of sixty dollars per month; which sum plaintiff refused to receive in satisfaction, but claimed that defendant was indebted to him for the entire month of June. The suit was brought to recover the amount of sixty dollars claimed to be due under the agreement for the month of June.

The question is, do these facts constitute an entire contract of hiring by the month, or a contract terminating at will, entitling the party to be paid only at the rate of sixty dollars per month. Whatever may have been the effect of the contract made in February, the evidence is that, in May, "plaintiff was employed and was to be paid *by the month*, at sixty dollars per month." This was not a hiring by the day, at the rate of sixty dollars per month. In the case of *Beach v. Mullen*, it was held, "that a contract to pay sixteen dollars for a month's service is as entire in its consideration as is a contract to pay a sum for a chattel. If the payment of monthly or weekly wages is the only circumstance from which the duration of the contract is to be inferred, it will be taken to be a hiring for a month or a week."—*Beach v. Mullen*, 34 N. J. Law Rep. 344; 12 East, 351. If plaintiff had voluntarily left the employment of defendant, without legal excuse, on the 14th day of June, under the evidence in this case, he could not have recovered for services rendered up to the time of quitting. A contract of this character, to be valid, must be mutually binding.

The contract proven in this case is altogether different from the contract proven in the case *Howard v. East Tenn., Va. & Ga. R. R. Co.*, at present term.—91 Ala. 268. In the latter case, there was nothing to show a monthly hiring for a longer term than by the month, and there was no averment in the complaint to show that the plaintiff was discharged at any other time than at the end of the month.

Under the view we take of the contract, it becomes unnecessary to consider other questions raised upon the admissibility of evidence offered by plaintiff, and which was excluded by the court.

The court erred in giving the general charge in favor of defendant.

Reversed and remanded.