J. NORMAN BULKLEY, Respondent, *v.* KAOLIN PRODUCTS COMPANY, INC., Appellant.

First Department, March 21, 1919.

**Master and servant — contract of employment construed — hiring at will — pleading — admission in pleading not drawn to attention of trial court — contract not guaranteeing sufficiency of plant to be constructed — excessive verdict.**

A contract embodied in a letter by which the plaintiff offered to assume entire responsibility for the design and construction of a manufacturing plant for the defendant and the defendant's written response confirming the plaintiff's employment as consulting engineer " at a retainer at the rate of $7,500 per year," monthly accounts to be rendered, merely created a hiring at will as a matter of law, and in an action for breach of said contract by the defendant it was error to submit the construction of the contract to the jury.

Although the plaintiff alleged that the hiring was for a year and the defendant's answer did not deny the same, the defendant is not estopped from contending that the hiring was at will where the admission by the pleading was not called to the attention of the trial court and the case was submitted upon the theory that the question was an open one. The plaintiff having tried the case irrespective of any admissions of the pleadings cannot insist upon holding a judgment to which, under the facts proven, he is not entitled, especially where he himself introduced in evidence the letters embodying the contract.

As the process was a new one and in an experimental stage the contract of the plaintiff to assume entire responsibility for the design and construction of the work did not amount to a guaranty of the sufficiency of the plant to be erected under his care. He merely agreed to use his best endeavor to accomplish the purposes of the defendant. Hence, where the answer did not charge that the plaintiff was incompetent the jury were justified in finding that the defendant was not entitled to recover upon a counterclaim involving expense in constructing the plant after the plaintiff's resignation.

*Held,* that although the plaintiff was entitled to recover a certain sum a new trial must be ordered unless he stipulates to reduce the verdict.

APPEAL by the defendant, Kaolin Products Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of October, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of October, 1918, denying defendant's motion for a new trial made upon the minutes.

*Nelson L. Robinson* of counsel [*Robinson, Allen & Hoy,* attorneys], for the appellant.

*George B. Hayes,* for the respondent.

SMITH, J.:

The plaintiff sued to recover for services under a contract alleged to have been made for his employment for one year at the rate of $7,500. Several payments were made, leaving the amount claimed to be due thereon $5,937.50, for which he has recovered judgment. The answer admits, by not denying, the employment for the year, but denies performance by the plaintiff of his contract and alleges that the plaintiff agreed to assume entire responsibility for the designing and construction of certain new works of the defendant situated at Jones Point, in the county of Rockland, N. Y., which were to be built by the defendant for the purpose of extracting potash and manufacturing brick, and further alleges that his work was so unsatisfactory to the defendant that on or about the 16th day of February, 1917, the plaintiff tendered his resignation as consulting engineer, which resignation was then and there accepted. The defendant then alleges a counterclaim demanding $10,000 for expenses incurred, " which would have

been avoided if the plaintiff had properly performed his duties as such consulting engineer." The reply is a denial of the allegations of the counterclaim.

The contract between the parties is contained in two letters, one written by the plaintiff to the defendant upon October 13, 1916, and the other written by the defendant's president to the plaintiff upon October 14, 1916. These letters are as follows:

" *Oct. 13th,* 1916.

" Mr. RICHMOND LEVERING,
          " 120 Broadway,
                    " New York City:

" DEAR Mr. LEVERING.— I beg to confirm our conversation of to-day's date as follows:

" I am to act as Consulting Engineer to the Kaolin Products Company, as from Oct. 13th, and to assume entire responsibility for the design and construction of their new works, devoting so much time to this work as may be required. In consideration of being retained by this company, I agree not to engage in consulting work for clients in similar or competitive lines of work, and further not to accept any work which will require my being out of touch with your work for more than thirty days at a time.

                    " I am,
                              " Yours faithfully,
                    " (Signed)   J. NORMAN BULKLEY."


                              " *October 14th,* 1916.

" Mr. J. NORMAN BULKLEY,
          " 120 Broadway, New York:

" DEAR Mr. BULKLEY.— I have received your letter of October 13th, and desire to confirm your employment as Consulting Engineer to the Kaolin Products Corporation, at a retainer at the rate of $7,500 per year.

" It is understood that you will render to us, each month, an account of your expenses in connection with the business, and the proportionate monthly amount of the retainer.

                    " I remain,
                              " Sincerely yours,
                    " (Signed)   RICHMOND LEVERING."

The plaintiff entered upon the performance of his .work and had constructed several devices which in his opinion would obviate the difficulties which the defendant had experienced, but these devices were found to be inadequate and finally the plaintiff devised a large horizontal cylinder which he claimed would be sufficient to solve the problems. There were two other engineers, however, who were insisting that the horizontal cylinders would, in any event, be inadequate and were insisting upon the placing of vertical cylinders, to which the plaintiff would not assent. Upon this controversy between the engineers the defendant wrote the plaintiff upon February fifteenth, complaining that no progress had been made and at the end of the letter stated: " I, therefore, should like to request your resignation, and ask you to suggest a basis for the cancellation of your agreement." Upon February sixteenth the plaintiff wrote to the defendant a letter in which he said: " I regret that you do not feel satisfied with my work, and under the circumstances beg to tender my resignation, and would suggest that as a basis of cancellation of my agreement you pay my salary to date and give me three months pay in lieu of notice." Upon February twentieth the defendant's president replied: " I have received your letter of February 16th, and I would suggest that sixty (60) days pay in advance with your salary to the end of this month would approximate what you have suggested." Upon February twenty-first the plaintiff replied: " I have yours of Feb. 20th and will accept the offer contained therein provided immediate settlement is made and the matter closed." No moneys were paid and thereafter this action was brought, the plaintiff claiming that the defendant was liable for the full year's salary, because the agreement to compromise upon sixty days' advance payment was conditioned upon its immediate payment, which was not made.

The trial court submitted to the jury two questions: *First*, he submitted to the jury the construction of the contract, as to whether the hiring was for a year or a hiring at will, and, *secondly*, whether the plaintiff had faithfully performed his contract to the best of his ability while in the defendant's service. Upon the trial the defendant admitted that there was due from the defendant to the plaintiff the sum of $2,534.66, which would be the amount of salary due up to

the time of the plaintiff's resignation, together with sixty days' salary thereafter. In *Martin* v. *Insurance Co.* (148 N. Y. 117) the plaintiff was employed by the defendant to take charge of its real estate department at a salary of $5,000 a year. Subsequently his salary was raised to $6,500 and finally to $10,000 a year, payable monthly. It was held that the hiring was at will and that the contract could be terminated at any time by either party. In that case Judge BARTLETT, speaking for the court, adopted the language used by Mr. Wood in section 136 of his work on Master and Servant (2d ed.), as follows: " The rule is inflexible, that a general or indefinite hiring is *prima facie* a hiring at will; and if the servant seeks to make it out a yearly hiring, the burden is upon him to establish it by proof. A hiring at so much a day, week, month or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even, but only at the rate fixed for whatever time the party may serve. * * * A contract to pay one $2,500 a year for services is not a contract for a year, but a contract to pay at the rate of $2,500 a year for services actually rendered and is determinable at will by either party. Thus it will be seen that the fact that the compensation is measured at so much a day, month or year does not necessarily make such hiring a hiring for a day, month or year, but that in all such cases the contract may be put an end to by either party at any time, unless the time is fixed, and a recovery had, at the rate fixed for the services actually rendered." This case and this citation were quoted with approval in *Watson* v. *Gugino* (204 N. Y. 535). Within these authorities the court erroneously submitted to the jury the construction of this contract. As a question of law the contract was nothing more than a' hiring at will. It is contended, however, that the defendant is estopped by its pleading. The complaint alleged the hiring for a year and this the defendant did not deny. The answer to this contention would seem to be that the parties waived the admission by the pleading and the pleading was in no way called to the attention of the court and the case was tried and submitted to the jury upon the theory that the question was an open one, not in any way concluded by the pleadings. In *Muldoon* v. *Blackwell* (84

N. Y. 646) it was held that a claim that the answer contains a counterclaim, which was not replied to and, therefore, admitted, cannot be raised for the first time on appeal. In *Cary* v. *White* (59 N. Y. 336) it was held: " When evidence offered is objected to and excluded upon a specific ground, the party objecting must be confined thereto and cannot rely upon another defect upon appeal unless it be one that could not, in any manner, have been remedied upon the trial." This states the general principle that an objection cannot be raised upon appeal, if not raised upon the trial, where that objection, if raised upon the trial, could have been obviated by application to the court. So in this case the plaintiff having tried this case irrespective of any admissions in the pleadings cannot insist upon holding a judgment to which under the facts proven he is not entitled. When the submission of this question of the construction of the contract was raised by special exception taken to the charge of the court, it was not even then suggested that the defendant had admitted in its answer a hiring for a year. Moreover, the plaintiff himself introduced these letters in evidence, thus himself showing that his employment was at will and not for a year. His recovery must, therefore, rest upon his proof.

It is not at all clear what the plaintiff meant in his letter which entered into the contract wherein he stated that he assumed " entire responsibility for the design and construction of their new works." This was at the beginning of the war. The process was a new one, in an experimental stage. It would, I think, be a violent construction of this contract to hold that the plaintiff intended thereby to guarantee the sufficiency of the plant which was to be erected under his care. Nor did the defendant at any time make any claim to the plaintiff that such was its interpretation of this contract. At the time the complaint was made of the progress of the work under the plaintiff's supervision, no claim whatever was made of a liability on the part of the plaintiff for damage suffered by reason of any guaranty on his part of the sufficiency of his plans. I think a fair interpretation of this contract would hold the plaintiff to an obligation to assume full *charge* of the construction of the work and to use his best endeavor to accomplish the purposes. The final plan devised by the

plaintiff for the enlargement of the horizontal cylinders he was never allowed to put into operation, so that it has not been demonstrated whether that plan would have secured the results which they were seeking. The question was submitted to the jury whether the plaintiff properly performed his work and the jury has found upon this issue in favor of the plaintiff. There is no claim in the defendant's answer that the plaintiff was incompetent, and I find no reason for disturbing the conclusion of the jury that the defendant was not justified in a recovery upon its counterclaim.

While the defendant had the right under the contract to discharge the plaintiff at any time, it did not assume to exercise that right, but offered to the plaintiff, in consideration of his resignation, to pay him for two months in advance. In accord with that offer the defendant's counsel admitted upon the trial that there was owing to the plaintiff the sum of $2,534.66, subject to its right of counterclaim. The rights of the parties will, I think, be fully preserved by reducing the verdict to the sum of $2,534.66 and affirming the judgment as entered upon the verdict so reduced.

There having been no appropriate motion for the direction of a verdict for that amount, we cannot order a modification of the judgment accordingly. The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event, unless plaintiff stipulates to reduce the verdict to the sum of $2,534.66; in which event the judgment as so modified and the order appealed from are affirmed, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce verdict to $2,534.66; in which event the judgment as so modified and the order appealed from are affirmed, without costs. Order to be settled on notice.