(111 So. 895)

### BIRMINGHAM ELECTRIC CO. v. PRAYTOR.
(6 Div. 18.)

(Court of Appeals of Alabama. March 22, 1927.)

Bradley, Baldwin, All & White, of Birmingham, for appellant.

Barber & Barber, of Birmingham, for appellee.

RICE, J. The suit, brought by appellee, was for damages growing out of an alleged breach of contract.

The contract, as stated in each of the two counts of the complaint, was made on the 25th day of May, 1925, and by its terms the defendant contracted with and agreed to employ plaintiff at a salary of $125 per month. The breaches assigned are: First, that defendant refused to pay to plaintiff his salary of $125 per month; second, that defendant has refused to allow plaintiff to enter into the duties of his said employment.

The action of the trial court in overruling defendant's (appellant's) demurrers to the first and second counts of the complaint is assigned as error, separately as to each count. As the contract, the basis of the claim in each count, however, is substantially the same, what we have to say will apply equally to both rulings.

After mature study, we have been unable to distinguish the contract here sued on, in any of its material elements, from that discussed in the opinion in the case of Howard v. East Tenn. Va. & Ga. Railroad Co., 91 Ala. 268, 8 So. 868. While there is an expression in the opinion in that case that has given us some trouble, and has apparently led to some slight confusion in some of the later cases by the Supreme Court, yet a careful reading of said opinion convinces us that the court meant to hold, and did hold, that the contract there in question was void for uncertainty; no period for its continuance being specified. Our conclusion that that was the effect of the holding by the Supreme Court in that case is brought about by the following excerpts from later opinions by the same court:

"In * * * Howard v. East Tennessee, Va. & Ga. R. Co., 91 Ala. 268 [8 So. 868] we laid down the principle that, when no breach of a contract could be assigned which could be compensated by any criterion of damages to be furnished by the contract itself, the *contract is void for uncertainty.*" (Italics ours.) Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428.

And "In Howard v. E. Tenn. Va. & Ga. R. R. Co., 91 Ala. 268, 8 So. 868, the railroad company employed the plaintiff as its land agent at a stipulated monthly salary, * * * No period of time for its continuance was specified. *It was held void for uncertainty.*" (Italics ours.) Christie, Lowe & Heyworth et al. v. Patton, 148 Ala. 324, 42 So. 614.

And, "Contracts may be so uncertain as to parties or subject-matter as to be incapable of specific performance, *or to support an action for damages for breach thereof.*" (Italics ours.) Shannon v. Wisdom, 171 Ala. 409, 55 So. 102, citing Howard v. E. Tenn. Va. & Ga. R. Co., supra.

▇▇ It being the duty of this court to follow the decisions of the Supreme Court, we hold that the contract, as set out in each count of the complaint, was void for uncertainty, and that perforce no cause of action was stated in either count, and that the trial court committed reversible error in overruling the demurrers taking that point. Howard v. East Tenn. Va. & Ga. R. Co., supra.

▇ In the event of another trial, it seems proper to say that it is well settled in this state that a contract, such as that here in question, may, while it is executory, be altered or modified without any other consid-

eration than mutual assent. Andrews, etc., v. Tucker, 127 Ala. 602, 29 So. 34.

█ █ And, the evidence showing that plaintiff (appellee) upon reporting for work was told that it would be necessary for him to pass a physical examination, before entering upon his duties, and that plaintiff assented to this stipulation, and voluntarily submitted to said examination, and that he was "turned down" or rejected as a result of said examination, without fraud, it is clear that appellant was entitled to have given, at its request, the general affirmative charge in its favor, as to each of the counts of the complaint. Hertz v. Montgomery Journal Pub. Co., 9 Ala. App. 178, 62 So. 564. From a reading of the opinion in the case cited it is clear that plaintiff (appellee) here, when informed for the first time that it would be requisite for him to be examined physically, had the option of standing upon his contract as he alleges it was originally made, and suing as for a breach, or assenting to the new and additional stipulation. His action in voluntarily accepting the new condition, and submitting without protest to the examination, binds him to the result.

It seems unnecessary to discuss the other assignments. For the errors pointed out, the judgment must be, and is, reversed, and the cause remanded.

Reversed and remanded.