(130 So. 411)

## PEACOCK v. VIRGINIA–CAROLINA CHEMICAL CO.

### 3 Div. 926.

Supreme Court of Alabama.

Oct. 23, 1930.

Denson & Denson, of Opelika, and Ball & Ball, of Montgomery, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

BOULDIN, J.

The theory of the suit is that plaintiff was employed as traveling salesman for defendant for the full term of one year; that he was discharged without cause before the end of the year; and that plaintiff, being able, ready, and willing to continue the service, elects to sue for wages or salary due for the remainder of the year. Ex parte Towle, 213 Ala. 129, 106 So. 60.

Demurrer was sustained to the complaint. For this adverse ruling plaintiff took a non-suit and appeals.

The written contract of employment was by letter tendering a position as traveling salesman which is set out in the complaint. The pertinent provision thereof reads: "Salary to be at the rate of $2000.00 per annum, payable monthly, beginning October 1, 1926."

Does this mean employment for at least one year at a named salary, or does it merely stipulate the rate of compensation for an indefinite term to continue at will, and terminable at the will of either party?

Under the early English decisions, dealing with relations of master and servant under conditions then prevailing, an indefinite employment was presumed to continue for a year.

This general presumption has been generally departed from in America, and the opposing presumption indulged, no custom or nature of employment to the contrary appearing, that an indefinite employment is a hiring at will.

"The presumption which, as already stated, is entertained by most of the American Courts, that an indefinite hiring is a hiring at will, is not repelled by the mere fact that the contract provides for the payment of compensation at a certain annual rate. The position taken is that such a provision simply embodies an agreement as to the rate of remuneration, and has no evidential bearing upon the duration of the engagement." 1 Labatt on Master & Servant (2d Ed.) Vol. 1, § 165.

"In the United States, a general or indefinite hiring is presumed to be a hiring at will. In the absence of custom or facts and circumstances showing a contrary intention on the part of the parties, it is generally held that the fact that a hiring is at so much per day, week, month, quarter of year, raises no presumption that the hiring was for such a period, but only at the rate fixed for whatever time the party may serve." 39 C. J. p. 44, § 18.

In a note in 11 A. L. R. 469, 476, the above statement of the rule is accredited to Wood on Master & Servant. See 2d Ed. § 136. The annotator declares the cases cited by Mr. Wood do not sustain the text, but proceeds to show they have been followed in many states.

Still further approval is shown in note 42 to the above text of Corpus Juris.

Beside Mr. Wood, Mr. Labatt, and Corpus Juris, the same rule is declared as the "drift of modern judicial thought," in the text of R. C. L. vol. 16, p. 509, § 20. See, also, notes 51 L. R. A. (N. S.) 629, Ann. Cas. 1913D, 219.

■■ Turning to our own cases, the rule is fully recognized that an indefinite employment is terminable at the will of either party.

Howard v. East Tenn., Va. & Ga. R. R. Co., 91 Ala. 268, 8 So. 868. But "when services are rendered under an offer to pay for them at so much per week or month, without specifying the duration of the employment, the employment is terminable by either party at the end of any unit period; and the beginning of each new unit period necessarily postpones the right to terminate until the end of that period." National Life Insurance Co. of U. S. v. Ferguson, 194 Ala. 658, 660, 69 So. 823, 824; Clark v. Ryan, 95 Ala. 406, 11 So. 22.

In Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 427, 5 Am. St. Rep. 387, the offer was: "If one thousand dollars a year is an inducement, come immediately." The acceptance: "Will accept one thousand dollars a year." This court said: "These communications, unexplained, show a single contract for a year: the wages to be $1,000 in gross."

It is often said the presumption now so widely indulged in favor of indefinite employment grows out of employment conditions, social and economic in this country.

■ ■ We must think of it in the light of the doctrine of entirety of contracts. If construed as a definite term, and the employee fails, without fault of the employer, to serve the entire term, the employee cannot recover even for the time he has served. Norris v. Moore, 3 Ala. 676.

In Moss v. Decatur Land Improvement & Furnace Company, 93 Ala. 269, 270, 9 So. 188, 189, 30 Am. St. Rep. 55, the following language is pertinent:

" 'Plaintiff was employed and was to be paid by the month at sixty dollars per month.' This was not a hiring by the day, at the rate of $60 per month. In the case of Beach v. Mullin, it was held 'that a contract to pay sixteen dollars for a month's service is as entire in its consideration as is a contract to pay a sum for a chattel. If the payment of monthly or weekly wages is the only circumstance from which the duration of the contract is to be inferred, it will be taken to be a hiring for a month or a week.' Beach v. Mullin, 34 N. J. Law, 344; King v. Mitcham, 12 East, 351."

Note the distinction there shown in the use of the phrase, "at sixty dollars per month," and the phrase, "at the rate of sixty dollars per month." The same distinction is observed in quotation from 39 C. J., supra.

It cannot be said that men, in making their contracts, would always observe a distinction between a salary of a stated amount for a given period and a salary of a fixed rate per period.

But when contracts are couched in very brief terms, and courts come to seek their meaning from these words alone, they must note the real difference in the terms employed.

Here we have a contract "at the rate of" so much per annum, "payable monthly." It cannot be an entire contract for the year in the sense that no pay would be due unless the employee served a full year. In this, it is quite different from the case of Liddell v. Chidester, supra.

Contracts of employment, payable only by the year, are so unusual in modern times and conditions, that courts avoid a construction leading to such result, a result attempting a definite term at a fixed wage.

We fully sanction the widely stated rule that the facts and circumstances of the particular transaction, the nature of the employment, the custom in that line, or in that locality, may be looked to in finding the real intent of the parties where their language permits and needs interpretation in the light of such matters.

Mutual intent must appear; both parties must understand the terms used in the same sense; if one has one thing in mind and the other a different thing, there is no meeting of the minds.

The overwhelming and continually increasing weight of authority in favor of the presumption of indefinite employment, and the application of such presumption to contracts in similar terms to the one before us, we think entitled to much weight. Note 11 A. L. R. Div. VII, page 482; Pinchney v. Talmage, 32 S. C. 364, 10 S. E. 1083; Bulkley v. Kaolin Products Co., 187 App. Div. 103, 175 N. Y. S. 219; Hirt v. Mayer (Sup.) 165 N. Y. S. 200.

Expressions in our cases of Howard v. East Tenn., Va. & Ga. R. R. Co., 91 Ala. 268, 8 So. 868, and Christie, Lowe & Heyworth v. Patton, 148 Ala. 324, 327, 42 So. 614, tend to the same result. See, also, Birmingham Electric Co. v. Praytor, 22 Ala. App. 45, 111 So. 895.

Our other cases cannot be regarded as authority to the contrary. They hold no more than that where the sole terms, relating to the duration of employment, is the fixing of a salary or wage per unit of service, the contract is definite for the unit or period so fixed, but indefinite thereafter.

"At the rate of so much per annum, payable monthly," may obviously mean merely the fixing of the rate, not the duration of employment.

Indulging the presumption heretofore recognized, and looking to the writing alone, in the absence of averment of custom or accompanying circumstances indicating a different intent, it will be so construed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.