148 So. 332

**GREAT ATLANTIC & PACIFIC TEA CO. v.
SUMMERS.**

6 Div. 255.

Court of Appeals of Alabama.
March 7, 1933.

Rehearing Denied April 4, 1933.

Drennen & Perrine, of Birmingham, for appellant.

Frederick V. Wells, of Birmingham, for appellee.

SAMFORD, Judge.

It is urged by counsel for appellee that the smallness of the amount involved in this case should in a large measure influence this court to a conclusion that errors committed by the trial court should be overlooked and the judgment be affirmed under Supreme Court Rule 45. We cannot agree to that contention. Parties litigant are entitled to have their causes tried in nisi prius courts free from substantial error and when error is made to appear by the record this court must declare the law as it finds it regardless of the amount involved.

The appeal in this case is on the record and the record discloses the complaint in three counts. Counts 1 and 2 were the common counts and each claimed $25. Count A is a special count and claims damages of $100 for breach of a contract of hire. The judgment was for $30 and therefore is referable alone to count A. Demurrer to count A was overruled and this ruling of the court is assigned as error.

The contract declared on was for no specific time and was determinable by either party at will, at the end of any week. Clark v. Ryan, 95 Ala. 406, 11 So. 22; 39 Corpus Juris 44 (18)b.

The allegation of a breach of the contract sued on, as alleged in count A, is a mere conclusion. For aught that appears the discharge of plaintiff by defendant came at the end of a week, at which time defendant had a right to terminate the contract or plaintiff may have been discharged at the will of defendant. A complaint for breach of contract must set forth the essential facts of the breach with such certainty as will apprise defendant in what particulars he has failed to perform. Woodward Iron Co. v. Frazier, 190 Ala. 305, 67 So. 430; Fike v. Stratton, 174 Ala. 541, 56 So. 929.

The demurrer should have been sustained. The judgment is reversed and the cause is remanded.