153 So. 401

**ADAMS et al. v. STEWART.**

**7 Div. 237.**

Supreme Court of Alabama.

March 8, 1934.

Benners, Burr, McKamy & Forman, of Birmingham, for appellants.

L. H. Ellis, of Columbiana, for appellee.

ANDERSON, Chief Justice.

Action by plaintiff for the breach of a contract of employment by the defendants. The pivotal question in this case involves the nature of the contract of employment, that is, whether the period of employment was for the year or the month. If for the year, as contended by the plaintiff, the discharge was a breach, and, if only by the month, the defendant had the right to terminate it upon the termination of any month. The plaintiff testified that he was promised a fixed salary for the year, and that he informed Adams, the alter ego of the corporations, that he would not come to Alabama and undertake the work except under a yearly contract, and, if this were true, he had a yearly contract, notwithstanding said salary was payable monthly. On the other hand, Adams, who made the contract for the two defendant corporations, testified that the plaintiff was employed by the month and the salary was fixed merely at the rate of $5,000 per year. If Adams' theory were correct, the contract would probably be a monthly one and similar to the one so held

in the case of Peacock v. Virginia-Carolina Chemical Co., 221 Ala. 680, 130 So. 411. If plaintiff's version of the oral contract is correct, it would be a yearly one and probably governed by the case of Liddell v. Chidester, 84 Ala. 508, 4 So. 426, 5 Am. St. Rep. 387. Therefore, this question was properly submitted to the jury.

■ We do not think the trial court erred in not permitting the defendants to show that the other employees, or some of them, were employed by the month, as this question is not one for the application of the rule of usage and custom.

■ The defendant contends that, as the suit was against both corporations upon a joint contract implied from a continuation or renewal from year to year, no such contract should be implied as to the Longview Company, because it had, in a sense, become merged into the other company, and was no longer doing business at the commencement of the year or period of employment involved. It is sufficient to say that, even if this contention be sound, and if the court erred in not permitting the defendant to show that the Longview Company was not, at the time, engaged in active business, this would be error without injury. The notice served on the plaintiff reads as follows, to wit:

"To Mr. W. C. Stewart:

"You are hereby notified that you are discharged from the employment of the undersigned Saginaw Lime and Stone Company and the undersigned Longview Lime Works, and all contracts and/or agreements of employment between said companies and yourself are hereby terminated effective upon service of this notice.

"This 6th day of April, 1929.

"Saginaw Lime and Stone Company,

"By J. B. Adams, President.

"Longview Lime Works,

"By J. B. Adams, President."

This notice is not questioned, and Adams testified that the Longview corporation was not dissolved until September, 1930, over a year after the entering into the implied contract here involved.

■ Charges 18 and 19, refused the defendants, were substantially covered by the oral charge of the court, and charge 21, if not otherwise faulty, singles out and gives undue prominence to certain parts of the evidence.

After a careful examination of the record, we cannot say that the trial court abused its discretion in not continuing the case.

■ As to exceptions to the argument of counsel for the plaintiff, it may be that the first two were so neutralized by the charge of the court as to prevent reversible error for not excluding same. The other one, which is as follows: "If Mr. Adams had been here testifying before you, you would have seen more squirming than you saw when Mr. Cole was testifying," was highly improper and prejudicial. It was the statement of a fact not disclosed by the evidence or reasonably inferable therefrom, and was a mere surmise or gratuitous statement by counsel of a highly prejudicial nature and belongs to that class of forbidden argument condemned in the case of Wolffe v. Minnis, 74 Ala. 386, and many subsequent cases citing and approving said Wolffe Case. The plaintiff and Adams were the main witnesses, and there was a conflict in their evidence, the result hinging largely on which one was to be believed by the jury. Adams was sick and could not attend court, and the plaintiff admitted a showing for him, and for counsel to picture him as "squirming" if upon the stand was unwarranted and prejudicial. The trial court erred in not excluding this argument.

We are cited by counsel, as to a justification of the argument, to the case of Mitchell v. State, 18 Ala. App. 471, 93 So. 46. That case, as here, did not state as a fact or paint a picture not disclosed or warranted by the evidence. While the Mitchell Case, supra, can be differentiated from the present holding, the writer does not wish to be understood as indorsing or approving said case, notwithstanding the denial of the writ of certiorari by this court, 208 Ala. 699, 93 So. 923.

While this case must be reversed and has been considered and decided upon the issues and questions argued in briefs, it will not be amiss to suggest some complications presented by the record.

The suit is against three defendants, Adams and the two corporations, while the judgment is against the "defendant." Whether this means all of the defendants or just one, and which one, we are not called upon to decide. It seems that the clerk's certificate of appeal treats it as being against all of the defendants, and that each of them took the appeal. On the other hand, the appeal bond recites judgment against Adams and the Saginaw Company only.

Again, while the question has not been presented in argument, we fail to see upon what idea or authority the plaintiff got a personal judgment against Adams, as his connection with the matter seems to have been in a rep-

resentative capacity for the two corporations and his authority was not questioned so as to render him liable as for a want or abuse of same.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.