194 So. 412

### HOLLAND v. STATE.

### 4 Div. 555.

Court of Appeals of Alabama.

Feb. 27, 1940.

182

W. Perry Calhoun and Emmet S. Thigpen, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction as for a violation of Section 3985 of the Code 1923.

Upon consideration of the record on this appeal we find that the conviction of this appellant, defendant in the court below, was unjustified and unwarranted either in law, or in fact.

The offense charged was that he did entice, decoy, or persuade M. C. Terry, a servant, to leave the service or employment of Grady Knight, his master.

The evidence disclosed that said M. C. Terry was working for Knight as a farm laborer. Knight, among other things, testified: "He worked for me five or six months during 1937. I think I employed him along in March. He was working for me by the month and I paid him $12.00 per month. The contract was a verbal one. He didn't have a crop with me, he was just employed by the month, and he wasn't interested in the crop. At the time he quit, his month was up."

Under the verbal contract above stated the laborer, M. C. Terry, had the legal right to terminate it at the end of any month. The law is plain and specific, to the effect, when services are rendered under an agreement of employment to be paid for such services at so much per month, the employment is terminable by either party at the end of any unit period. Clark v. Ryan, 95 Ala. 406, 11 So. 22; Howard v. East Tennessee, V. & G. R. R. Co., 91 Ala. 268, 269, 8 So. 868, 869. In said case, the Supreme Court said: "In a contract of hiring that plaintiff should work for defendant for $16 per month, nothing being said as to the term of service, it was held the contract of hiring was for a month, and either party could discontinue it after the expiration of the month." To the same effect, in our case of Cleveland v. Towle, 21 Ala.App. 161, 106 So. 58, 60, this court said: "A contract for employment fixing the amount to be paid at stated intervals, but with no time limit for its ending, is a contract terminable at the end of any month by either party at his pleasure." And in Great Atlantic & Pacific Tea Co. v. Summers, 25 Ala.App. 404, 148 So. 332, 333, this court said: "The contract declared on was for no specific time and was determinable by either party at

will, at the end of any week." In 39 Corpus Juris p. 46, it is said: "Where * * the payment of a monthly or weekly wage is the only circumstance from which a duration of the contract is to be inferred, such circumstance is often determinative of hiring for a month or a week according to the rate of payment." See also National Life Insurance Co. of United States v. Ferguson, 194 Ala. 658, 69 So. 823. "A contract making the salary per month, at a specified amount per year, is a hiring by the month." 11 A.L.R., note, page 476. See also the case of Peacock v. Virginia-Carolina Chemical Co., 221 Ala. 680, 130 So. 411, wherein the proposition above discussed is fully and elaborately treated and is in line with what has been said, and authorities, supra.

█ It follows from the foregoing that the named laborer had the legal right to terminate the verbal contract above set out and to voluntarily leave the services of the employer, which the undisputed facts in this case disclose he did.

█ As to the facts adduced upon the trial of this case in the court below, the State failed to meet the burden of proof under which it rested. There is no testimony in this case that appellant in any manner undertook to entice, decoy or persuade Terry, the servant, to leave the service or employment of Knight, the alleged injured party. To the contrary, the evidence in the case affirmatively shows that he did not, and while the jury are sole judges of fact in all criminal cases, yet they have no right to capriciously set aside and refuse to consider testimony of any witness. In this case, as stated, there is no witness who testified to the effect that appellant uttered a single word to Terry as to his leaving the employ of Knight. The two State witnesses did testify that appellant went into the field of Knight where Terry was at work with others picking cotton, and that appellant and Terry had a conversation on that occasion, but neither of said witnesses heard any part of said conversation. And as to this conversation Terry testified: "My name is M. C. Terry and I know Mr. Charlie Holland and Mr. Knight. I remember the time when Mr. Holland came to the field where I was working on Mr. Knight's place. After I called Mr. Holland off down in the field that day I talked to him just a minute

or two. Mr. Holland did not say anything to me in that conversation about my working for him. * * * I called Mr. Holland off and asked him about a woman living down there. I was going with her. He didn't say anything about my leaving the service of Mr. Knight and working for him. I did not later work for Mr. Holland. I didn't leave the services of Mr. Knight and go down to his place and work any."

And on this subject, Mr. Holland, the defendant, testified as follows: "I am the defendant. I recall the time in Fall of 1937 coming to Barbour County. I saw M. C. Terry. I did not say anything to him about leaving the service of Grady Knight and working for me or anyone else. * * * I didn't say anything to him about working for me. I didn't need him. I had a conversation with M. C. off from that crowd, just a word or two; he asked me about a negro woman. I didn't talk about getting him to come back to Houston County. I did not say anything or do anything to get M. C. to leave the service of Mr. Knight and go to Houston County with me. I did not offer him any money or anything to get him to go down there. He didn't work for me."

It conclusively appears from the evidence that at no time after Terry left the employ of Knight did he ever go to work for Holland.

██ On the trial of this case, and upon direct examination of Grady Knight, the Solicitor asked him: "Did Terry owe you any money at the time he left there?" To which question the defendant objected, upon proper grounds stated, and the objection was overruled and defendant duly and legally excepted. The witness answered: "Yes Sir." These rulings were error, as this testimony had no relevancy on any issue involved in the trial of this case. If the employer, Knight, had overpaid his laborer Terry, and advanced to him more than he was due, he did so at his own risk; and any effort upon his, Knight's, part, to force the laborer to stay and work out the balance claimed to be due, would constitute involuntary servitude and this is strictly violative of the XIII amendment to the Constitution of the United States.

Aside from the errors above indicated, the court committed error in overruling and denying defendant's motion for a new trial.

Reversed and remanded.