221 So.2d 124

**Priscilla Faye GOBER**

**v.**

**Larry Junior PARKER et al.**

**7 Div. 810.**

Supreme Court of Alabama.

March 27, 1969.

Sam H. Hamner, Anniston, for appellant.

Burnham, Klinefelter & Halsey, Anniston, for appellees.

HARWOOD, Justice.

Priscilla Faye Gober filed a complaint against Larry Junior Parker, Jacob Parker, R. C. Vines, V. G. Harris, R. C. Vines and V. G. Harris, individually and d/b/a Harris & Vines Contracting Company, a partnership.

The complaint claimed damages for injuries to Mrs. Gober resulting from a collision between an automobile driven by Larry Junior Parker and one driven by Mrs. Gober's husband in which Mrs. Gober was riding as a passenger.

The court below in his oral instructions, and by written requested charge, instructed the jury that they could not return a verdict against R. C. Vines and V. G. Harris, individually, nor against the partnership of Harris and Vines.

The jury returned a verdict in favor of the plaintiff, Mrs. Gober, against Larry Junior Parker, and assessed her damages at $1200.00. Judgment was entered pursuant to the verdict.

The plaintiff filed a motion for a new trial, and upon its being overruled, timely perfected her appeal to this court.

The main point argued on this appeal, and which will be dispositive of it, is that the court erred in instructing the jury, both orally and by giving a written charge, that the jury could not return a verdict against Harris and Vines, individually or as partners.

Larry Junior Parker testified that he went to work for Harris and Vines in June or July of 1966, after his school was out. Harris and Vines were engaged in road construction work on Interstate 20. He drove to and from the work site in his father's automobile. His father had specifically instructed him to use his automobile for no other purpose than to drive directly to and from work.

On 23 August 1966, Larry drove to the work site. It had been raining the night before. Robert M. Jackson, foreman for Harris and Vines, and under whom Larry had always worked, told Larry that because of the wetness he could not use him for work that day. Jackson told another employee, Freddy Holliday, the same thing.

Holliday had come to the work site in a truck used to transport employees of Harris and Vines from Anniston to the job site. The truck would not be returning to Anniston until the late afternoon.

Larry testified that Jackson told him to take Holliday to his hotel in Anniston. Jackson did not offer to pay him for driving Holliday into Anniston, but Holliday told him he would reimburse him for the expense of the trip.

Larry testified that once before he had driven Holliday to Anniston, with no instructions from Jackson to do so, and Holliday had paid him for this trip. He also testified that at Jackson's instructions he had once driven his father's automobile about a half mile down the road in order to intercept a tank truck and deliver a message from Jackson. For this, Jackson stated he would give Larry a couple of extra hours pay.

Jackson testified he had never sent Larry to intercept a tank truck, and further he had never told nor requested Larry to drive Holliday to Anniston.

At any rate, Larry did drive Holliday to his hotel in Anniston. After Holliday left his automobile Larry was proceeding to his home and about two blocks from the hotel he was involved in the collision with the Gober automobile.

As to his employment with Harris and Vines, Larry testified that he was paid by the day; that if he did not work a full day he was paid by the hour. Apparently there was no agreement as to any specific time or terms that Larry would be furnished employment, but only that when he did work for Harris and Vines, he would be paid at the rate of $1.50 per hour.

On the day of the accident, Larry had been told by Jackson there would be no work for him that day.

Thus under Larry's testimony there was no enforcible contractual relation of employer and employee between him and Harris and Vines. Larry was under no obligation to work for Harris and Vines, and they were under no obligation to furnish him employment. Mutuality was nonexistent. Larry was entitled to pay only for the hours he actually did work.

Where an alleged employment contract is so uncertain that no breach of it can be alleged and no period of time is specified for its continuance, and no specific performance could be enforced, such alleged contract is a nullity. See Howard v. East Tenn., Va. and Ga. R. Co., 91 Ala. 268, 8 So. 868; Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Christie, Lowe and Heyworth et al. v. Patton, 148 Ala. 324, 42 So. 614; Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Birmingham Electric Co. v. Praytor, 22 Ala.App. 45, 111 So. 895.

We hold that at the time of the accident Larry Junior Parker was not an employee of Harris and Vines, and therefore the court properly instructed the jury they

could not return a verdict against Harris and Vines as individuals or as partners.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.