# Clark v. Ryan.

*Action on Common Counts, and Special Contract of Employment.*

1. *Joinder of common counts with special.*—A special count, claiming damages for the breach of a contract of employment, may be joined with the common counts for work and labor and on an account stated ·

2. *To what witness may testify, as to performance and discharge without fault.*—Plaintiff, testifying for himself, in an action to recover damages for a breach of contract of employment, can not be allowed to state that defendant "discharged him without fault on his part," nor that he "performed his part of the contract in full up to the time of his discharge;" and the questions calling for such statements are illegal because leading.

3. *Drunkenness as cause for discharge of employe, and how proved; exclusion of evidence partly legal.*—When habitual drunkenness on the part of plaintiff, and consequent negligence and inattention to business, are set up in defense of an action for a breach of contract in discharging him before the expiration of the stipulated term of service, defendant may prove "that plaintiff was given to the excessive use of intoxicating liquors," but not "that he had been indicted in the courts of the county for the offense of public drunkenness;" but, this evidence being offered as a whole, and part of it being illegal, the whole of it may be excluded on objection.

[Clark v. Ryan.]

4. *Contract of employment by the month; charge as to construction of contract.*—A contract of employment at so much per month, with no stipulation as to the term of service, is determinable at the end of any month, at the pleasure of either party; and where plaintiff sues for the breach of a contract of employment, claiming that he was employed for a year, at stipulated monthly wages, while defendant claims that he "was only employed by the month, and for one month at a time," a charge instructing the jury that if the employment was not intended to be for a month only, then a reasonable construction would be that it was for a year, is erroneous.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. SAM. H. SPROTT.

WOOD & MAYFIELD, and FOSTER & JONES, for appellant.

FITTS & SOMERVILLE, *contra.*

STONE, C. J.—The complaint contains three counts. The first two are common counts—for work and labor done, and on an account stated. The third count alleges the making of a special contract, by which plaintiff agreed and undertook to serve defendant as clerk in his store for the year 1888, at agreed wages, that he served him a part of the year, and that he was prevented by the defendant from completing the service. This count rests the right of recovery on the alleged breach of the contract by the defendant. There was a demurrer, assigning as a ground that these counts were improperly joined in one and the same action. The Circuit Court did not err in overruling this demurrer.

Plaintiff, testifying as a witness for himself, stated that defendant "discharged him on the 31st day of July, 1888, and had not since employed him." He was then asked by his counsel "if defendant discharged him without fault on his (plaintiff's) part." This question was objected to, the objection overruled, and the witness answered in the affirmative. To this ruling defendant reserved an exception, alike to the question and to the answer. Plaintiff as a witness was also asked, "if he performed his part of the contract in full up to the time at which defendant discharged him." He answered affirmatively. Both this question and answer were separately objected to, and exceptions reserved. These questions are of kindred character.

The most important inquiry of fact in this case was, and is, whether or not the contract was for a year's service. Plaintiff testified it was, and defendant in his testimony denied it. If the contract was for the entire year, then plaintiff made out a *prima facie* case when he proved he had been

[Clark v. Ryan.]

discharged before the end of the year. In such conditions, the duty and burden would rest on the defendant to prove a justifiable cause for discharging him; and until he offered such proof, the defendant need not offer negative testimony to show he was discharged without cause. Such proof is, in its nature, in rebuttal—rebuttal of proof offered by defendant in attempted justification of the discharge of his employe. Still, plaintiff may anticipate the defendant's defense, and prove that there was, in fact, no cause for his discharge. To do so, however, he must conform to the rules of evidence. He can not state as an opinion, or as a collective conclusion of fact, that defendant discharged him *without fault on his part.*—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *Cummings v. State*, 58 Ala. 387; *Hames v. Brownlee*, 63 Ala. 277; *Bass Furnace v. Glasscock*, 82 Ala. 452. If he undertake to anticipate the defense, he must prove facts, and not give his opinion or conclusion on the merits of the controversy. That was one of the questions of merit the jury must pass on. The questions were leading, and the answers illegal testimony.

Defendant offered to prove that "the plaintiff was given to the excessive use of intoxicating liquors, and that he had been indicted in the courts of Tuskaloosa county for the offense of public drunkenness." On objection, this testimony was ruled out. Offered as a whole, as this testimony was, there was no error in the ruling. The second clause was not legal evidence, and it was not the duty of the court to separate the legal from the illegal, and thus do for the appellant what he should do for himself.—3 Brick. Digest, 443, §§ 570–1.

As we have said, the plaintiff testified that the contract of hiring was for the year. The defendant testified "that he employed the plaintiff to work for him by the month, and for one month at a time, and that he never employed him by the year, or for a year." The court, at plaintiff's request, gave the following written charge: "If the jury believe from the evidence that the employment was not intended by the parties to be for a month only, then a reasonable construction would be that it was for a year, in the absence of construction by the parties." The appropriateness of the word *construction*, as second above employed, not being apparent to the court, we suppose it may be a mis-copy.

It is not denied that there was a contract by which Clark employed Ryan to serve him. The only dispute in the court below was as to the terms of employment—whether by the month, or by the year. Hence, by inevitable logic,

[Godwin v. Whitehead.]

the testimony raised the inquiry, whether the employment was by the month, or by the year. Finding against the one conclusion, the testimony, if believed, forced the other. This, not by force of law, but by an irresistible mental process. But no witness testified that the employment was "for a month only."

But the charge is wrong, even if the testimony supported it. If, as the charge hypothesises, the jury were satisfied that the employment was not "for a month only," it would not legally or necessarily follow, as "a reasonable conclusion," that it was intended to be for a year. That would depend on the express terms of the agreement, not on legal intendment. An agreement to serve and be served at so much per month, with no stipulation as to the term of service, is determinable at the end of any month, at the pleasure of either party to the contract.—Wood on Master and Servant, 272–3. The court erred in giving this charge.

Reversed and remanded.