STEPHEN F. DERRY v. THE BOARD OF EDUCATION OF THE CITY OF EAST SAGINAW.

*Schools and school-districts—Contract of employment—Discharge —Damages.*

A school board contracted with a qualified teacher for a year's services at a fixed salary, and reserved the right to discharge the teacher at any time whenever the board might desire to terminate the contract, upon one week's written notice to be given by its committee on teachers and text-books. Proceed-

ings were taken by the board with a view to terminating the contract, but the teacher, claiming that they were invalid and ineffectual, presented himself for work under the contract, and was refused employment. And it is held that in any event such refusal was equivalent to notice under the contract, and entitled the teacher to only one week's salary thereafter.

Error to Saginaw. (McKnight, J.) Argued November 1, 1894. Decided December 7, 1894.

*Assumpsit.* Defendant brings error. Reversed, and judgment entered in this Court for the plaintiff for one week's salary. The facts are stated in the opinion.

*Charles S. Smith,* for appellant.

*Tarsney & Wicker,* for plaintiff.

GRANT, J. Plaintiff sued to recover for services as school teacher. The defendant pleaded the general issue, with notice that the contract sued upon was canceled and terminated before the time when the said plaintiff's services were to begin.

Plaintiff was teaching at the time of the execution of the contract, as principal of the ungraded school. At a regular meeting of the board held June 15 it refused to adopt the recommendation of the committee on schools to discontinue the ungraded school, and adopted a resolution appointing plaintiff principal at the same salary as the previous year. June 16 the secretary of the board, on its behalf, executed a written contract with plaintiff, whereby he agreed "to serve as a teacher in the public schools of the city for the ensuing school year, commencing September 5, for $700." The contract contained the following clause:

" Said board reserving to itself the right to change said teacher from one school or grade to another school or grade, or to discharge said teacher at any time whenever it may desire to terminate this contract, upon one week's

written notice to said teacher by its committee on teachers and text-books."

June 29 a special meeting of said board was held to take action upon the resignation of the superintendent of schools, and to consider such other business as might properly come before the board. At this meeting the action of June 15 was reconsidered, and a resolution adopted discontinuing the ungraded school, and also instructing the committee on teachers and school books to give plaintiff the requisite notice that his services were no longer required. July 7 the committee wrote plaintiff, notifying him that his contract would terminate July 16. At the time this notice was mailed he was out of town, and did not receive it until in August or the 1st of September. He, however, was informed of the action of the board June 30. At the opening of the schools in September he presented himself for work under the contract, and was refused employment. He secured other employment in May following. The court directed a verdict for three months' salary.

The defendant denies the authority of the secretary to make the contract. This objection comes too late, as the plea admitted its execution.[1]

Several objections are made to the validity of the action of the board in rescinding the contract. We deem it unnecessary to mention them. The board refused plaintiff employment at the opening of the school. This was equivalent to notice, and entitled him to recover for only one week's salary. *Fisher v. Monroe,* 21 N. Y. Supp. 995; *Peverly v. Poole,* 19 Abb. N. C. 271; *Hartley v. Harman,* 3 Perry & D. 567.

Judgment reversed, and entered in this Court for the

---

[1] See *Insurance Co. v. Howell,* 101 Mich. 332, 335, and note.

plaintiff in accordance with this opinion.    The defendant will recover costs.

McGRATH, C. J., LONG and MONTGOMERY, JJ., con-- curred.  HOOKER, J., did not sit.