(106 So. 60)

## Ex parte TOWLE.

## CLEVELAND v. TOWLE.

### (1 Div. 351.)

(Supreme Court of Alabama.   May 7, 1925.)

1. **Master and servant** ⬤⟹35—Employee discharged without fault may recover on common counts.

If employee had contract for services to be performed and was discharged without fault on his part, fact that he held himself in readiness to perform is tantamount to full performance, leaving nothing to be done on either part, save payment of stipulated wage, and entitles employee to recover on common count.

2. **Certiorari** ⬤⟹68—Supreme Court will not inquire into facts in reviewing Court of Appeals by certiorari.

In reviewing Court of Appeals by certiorari, Supreme Court will not indulge any inquiry into facts.

Certiorari to Court of Appeals.

Petition of Albert S. Towle, Jr., for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Frank Cleveland v. Albert S. Towle, Jr., 106 So. 58. Writ granted; reversed and remanded.

Inge & Bates, of Mobile, for petitioner.

Where a special contract of employment has been broken, the employé may wait until his wages would mature under the terms of the contract and then sue under the common counts, as upon performance on his part. Where there is a special count based on a contract, which is subject to demurrer, the verdict of the jury in favor of plaintiff may be referred to the common count for work and labor done. Davis v. Ayres, 9 Ala. 292; Davis v. Preston, 6 Ala. 83; Sprague v. Morgan, 7 Ala. 952; Holloway v. Talbot, 70 Ala. 389; Beckwith v. Baldwin, 12 Ala. 720; Wilkinson v. Black, 80 Ala. 329; Marx v. Miller, 134 Ala. 347, 32 So. 765; Snedicor v. Leachman, 10 Ala. 330; Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8; Supreme Court rule 45, Code 1923, vol. 4, p. 895.

Harry T. Smith & Caffey, of Mobile, opposed.

The Supreme Court will not review any ruling of the Court of Appeals based on any finding of facts. Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte A. C. L., 190 Ala. 132, 67 So. 256; Ex parte Stewart, 185 Ala. 216, 64 So. 36. A finding that a given error is probably harmful is a finding of fact or the application of the facts to the law, and is not reviewable. Grissett v. State, 208 Ala. 439, 94 So. 274; Ex parte Jones, 207 Ala. 697, 93 So. 661; Ex parte Williams, 207 Ala. 69, 91 So. 915; Ex parte Stanley, 205 Ala. 431, 88 So. 449; Ex parte De Bardeleben Coal Co., 200 Ala. 553, 76 So. 911. Where the case is submitted under two counts, one good and one bad, and the same evidence would not justify a verdict under both, the error in overruling demurrer to the bad count is not harmless. Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804; Quinn v. Pratt Consol. Coal Co., 177 Ala. 434, 59 So. 49.

SAYRE, J.   Adopting the statement of the case by the Court of Appeals:

"The plaintiff's action is stated in four counts. The first seeks a recovery for the breach of an agreement to employ plaintiff as a bookkeeper at $100 per month, and the other counts are the common counts claiming for an account, account stated, and for work and labor done."

Plaintiff had judgment.

The Court of Appeals held that defendant's demurrer to the first count was erroneously overruled. The correctness of this judgment is not questioned. McGowin Lumber Co. v. Camp Lumber Co., 192 Ala. 35, 68 So. 263.

The question sought to be raised by this application is whether the ruling of the trial court in favor of the first count of the complaint should be held for error without injury. On this point the Court of Appeals says:

"In this case there was no evidence that plaintiff had performed the labor called for by the agreement, and hence the verdict of the jury could not be referred to the common counts for work and labor done. We have then a verdict responding alone to a defective count and hence we must hold that the error in overruling demurrer was not without injury."

[1] We can only state our inability to agree with the Court of Appeals in respect of its proposition that in a case like this there can be no recovery on the common counts where the labor called for by the employment has not been performed. The law of this court is that if the plaintiff had a contract for services to be performed and was discharged without fault on his part, the fact that thereafter he held himself in readiness to perform is tantamount to full performance on his part, leaving nothing to be done on either part save payment of the stipulated wage, and entitles plaintiff to recover on the common counts. Warten Cotton Co. v. McGuire, 206 Ala. 469, 91 So. 308; Holloway v. Talbot, 70 Ala. 389; Snedicor v. Leachman, 10 Ala. 330; Sprague v. Morgan, 7 Ala. 952. In Wilkinson v. Black, 80 Ala. 332, it was said that a tender and readiness to perform is regarded as tantamount to actual performance, and entitling the plaintiff in all proper cases to a recovery of

the contract price as the absolute measure of his damages.

[2] Whether the ruling of the Court of Appeals may be justified on the consideration discussed in the brief for appellant we may not say, for, in reviewing that court by certiorari, it has been determined that this court will not indulge any inquiry into the facts. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 So. 91. Numerous decisions to this effect might be cited.

The Court of Appeals is in error, and its judgment will be reversed and the cause remanded in order that the stated law may be properly applied.

Writ of certiorari granted; reversed and remanded.

All the Justices concur.