WALDEMAR KNUDSEN v. W. H. G. GREEN.

156 So. 240.
Opinion Filed July 30, 1934.

48

*Leland Hyzer,* for Plaintiff in Error;

*Shutts & Bowen, Crate D. Bowen* and *L. S. Bonsteel,* for Defendant in Error.

DAVIS, C. J.—In this case it was alleged in the declaration filed by the plaintiff in error, as plaintiff in the court below, that the defendant in error, defendant in the court below, agreed orally that defendant would employ the plaintiff and the plaintiff would enter into the service of defendant in the capacity as captain and master of the house boat and other boats of the defendant; that the duration of said employment was not specified; that the defendant agreed to pay to the plaintiff for such employment at the rate of $300.00 per month; that prior to and at the time of said agreement between the plaintiff and the defendant, the plaintiff was employed by the Standard Oil Company as a mate on one of its vessels and by reason of such employment plaintiff was then receiving a definite annual salary and other specific benefits in the form of retirement pay and bonuses; that at the time of entering into the contract, the plaintiff advised the defendant of his existing employment with the Standard Oil Company and of the salary and benefits he was receiving therefrom, and was assured by the defendant that he would have no regret if he gave

up such employment with the Standard Oil Company and the salary and benefits accruing therefrom and enter into the service of the defendant; that relying upon such assurance of the defendant, the plaintiff resigned his position with the Standard Oil Company in order to enter into the service of the defendant; that plaintiff, at the direction of the defendant, proceeded to Miami on or about the middle of the month of October, 1930, and remained in and about the City of Miami from the last mentioned date until April, 1931, and was at all times ready, able and willing to proceed with said employment, but that said defendant, without good cause and without fault on the part of the said plaintiff, repudiated said employment and utterly and wrongfully failed and refused to carry out said employment of said plaintiff and that said defendant employed and installed another person in the capacity for which said plaintiff was employed as aforesaid; that said plaintiff made diligent effort to regain the position formerly held by him with said Standard Oil Company, which position said plaintiff had resigned and surrendered in consideration of his acceptance of employment with said defendant, but that said Standard Oil Company refused to re-employ the plaintiff; that by the refusal of said defendant to carry out the said oral contract of employment with said plaintiff, the said plaintiff, although diligently seeking other employments, was and has been thrown out of and deprived of employment and was and has been unable to procure other employment to the damage of the plaintiff in the sum of $15,000.00.

The writ of error now before us was sued out by plaintiff to a judgment of dismissal entered by the Circuit Judge, who gave as his reasons for dismissing the cause the following: "The declaration avers that plaintiff was employed by defendant under a verbal contract for no definite period of time at a salary of $300.00 per month; that defendant

breached the contract by refusing to permit plaintiff to work, etc. Under the facts as stated in the declaration, plaintiff could recover under his alleged contract a sum not exceeding the amount of one (1) month's salary, to-wit: the sum of $300.00, which said amount is within the jurisdiction of the Civil Court of Record in and for Dade County and not within the jurisdiction of the Circuit Court."

The learned Circuit Judge was in error in ordering the case below dismissed for want of jurisdiction.

While under Chapter 11357, Acts of 1925, Extra Session, the Civil Court of Record created in and for Dade County has exclusive original jurisdiction in all cases at law where the matter in controversy does not exceed, exclusive of interest and costs, the sum of $5,000.00, the amount of damages claimed in the present case filed in the Circuit Court of Dade County, was and is $15,000.00 and the jurisdiction of such Circuit Court in the premises depends not upon the amount of damages which is actually recoverable as a matter of law, but is determined by the sum in good faith demanded or actually put in controversy. A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 Sou. Rep. 528; Hutchinson v. Courtney, 86 Fla. 556, 98 Sou. Rep. 582. Compare: Director General of Railroads v. Wilford, 81 Fla. 430, 88 Sou. Rep. 256; Seaboard Air Line Ry. Co. v. Maxey, 64 Fla. 487, 60 Sou. Rep. 353.

It was the theory of plaintiff's declaration as filed in the Circuit Court, that where a servant gives up a position which he has in order to enter into the service of a master under a contract of employment, although for an indefinite period, and the benefits of the position which the servant already has are made known by the servant to the master and are thereby in the contemplation of the parties at the time of the making of the contract, that the master's repudiation of

his own contract of employment in consideration of which the servant gave up his former employment, constitutes a breach of contract which will entitle the servant to recover the loss of benefits of the former position as an element of special damages for the master's breach. Such being the contention of the plaintiff and the amount of damages which would accrue to him in the event such contentions were sustained by the court being in excess of $5,000.00 according to the allegations of the declaration, it necessarily follows that the Circuit Court had jurisdiction to determine plaintiff's contention and to allow it or disallow it as a matter of law, insofar as the allegations of the declaration are concerned. And the mere fact that the court below reached the conclusion that the contentions of plaintiff were not sound as matters of law did not oust it of jurisdiction to decide the controversy as one within the jurisdictional amount of the Circuit Court of Dade County. In fact, no other court but the Circuit Court could have been called upon to decide the precise contention which plaintiff was making, in view of the fact that a decision in the affirmative of the proposition would, according to the allegations of the declaration, likely involve the allowance of more than $5,000.00.

The declaration alleges that the plaintiff was employed and directed by defendant to proceed to Miami, which he did on or about the middle of October, 1930, and the plaintiff remained in and about the City of Miami from said last mentioned date until April, 1931, ready, able and willing to proceed with his employment. It is not clear from the declaration whether the repudiation of the contract occurred in April, 1931, or at an earlier date. However, the declaration is susceptible of the construction that the plaintiff was not advised until April, 1931, that his contract of em-

ployment earlier entered into in September, 1930, was to be repudiated.

Assuming, therefore, that the plaintiff was employed as he alleges, in September, 1930, as master of defendant's house boat, and that in October, 1930, he was ordered to Miami, whence he journeyed and remained there subject to defendant's orders until April, 1931, at which time he was discharged by defendant, the question then arises as to what is the measure of the plaintiff's damages for the alleged wrongs set up in the declaration?

Our conclusion is that under the contract as pleaded that the defendant Green did not bind himself to employ the plaintiff, nor did the plaintiff obligate himself to remain in defendant's service, for any definite period of time beyond the first month of hiring and that the hiring, after the expiration of the first month, being indefinite as to its duration, could be lawfully terminated at the will of either party upon the giving of notice of dismissal. See Odom v. Bush, 125 Ga. 184, 53 S. E. Rep. 1013; Derry v. Board of Education of City of Saginaw, 102 Mich. 631, 61 N. W. Rep. 61. An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure. Clark v. Ryan, 95 Ala. 406, 11 Sou. Rep. 22; Cleveland v. Towle, 213 Ala. 129, 106 Sou. Rep. 60.

It follows, therefore, that if the contract that plaintiff made with the defendant in its essence contemplated a legal right on defendant's part to terminate it at any time after the first month at the master's pleasure, that the master can be held for no special damages because of his exercise of

that right simply because the servant gave up his previous employment in order to accept the new contract with defendant. This is true, because the making of the new contract was necessarily inconsistent with the continued existence of the old one at all events, and had the defendant elected to retain the plaintiff in his service for a great number of years, or even for the remainder of his lifetime, the old contract would still have been at an end by reason of the mere creation of the new, to which *creation* of the new the termination of the old contract was simply an incident.

Consequently the alleged breach of the new contract can give no rise to an action for special damages for the loss of the old employment on the theory that such breach is within the rule of Hadley v. Baxendale, 9 Exch. 5 Eng. Rul. Cases 502, wherein it is stated that the damages recoverable for a mere breach of contract are such as may reasonably be supposed to have been in the *contemplation* of both parties at the time they made their contract, as the probable result of a breach of it.

The real breach set up in the present case consists of the failure of the defendant to lawfully terminate the contract of employment. This he could have accomplished by giving the plaintiff proper notice and compensating him for the service for which plaintiff was due to be paid during the time that the contract remained in force, instead of simply repudiating the contract altogether. The averments of the declaration to the effect that the defendant breached the contract by refusing to permit the plaintiff to go to work under it in the first instance, is simply the legal equivalent of an allegation to the effect that the defendant elected to notify plaintiff of the termination of his service and then breached the contract by refusing to pay him for the time for which he was entitled to be paid under it. See Derry v. Board of Education of City of Saginaw, *supra.*

We hold, therefore, in the present case that under a declaration alleging that a master has entered into a contract of employment with a servant for an indefinite period of time at a monthly salary, that upon a breach of such contract the servant's measure of damages is the worth of the bargain upon which the action is based, not the loss of advantages derived from another contract between the servant and a previous employer, which contract the servant terminated as an incident to entering into the contract alleged to have been broken.

We hold further that the plaintiff below, having asserted in good faith in his declaration a claim for damages based upon a theory of law and supporting facts which, if allowed, would likely have entitled him to a recovery in excess of $5,000.00, that the Circuit Court became vested with jurisdiction of the whole controversy, a part of which concerned plaintiff's claim for damages in excess of $5,000.00 for alleged special damages occasioned by the giving up of plaintiff's previous employment. Upon remand, the Circuit Court should retain jurisdiction of the cause regardless of the amount of damages, if any, which may be ultimately allowed as a recovery for the plaintiff under the rules of law established on this appeal. See Hutchinson v. Courtney, *supra*.

Reversed for appropriate proceedings.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting).—I think this declaration may be considered and held as stating an action in tort for a breach of duty growing out of the contract to employ, entitling plaintiff to the special damages suffered therefrom. See 62 C. J. 1093, and Note 39 on P. 1094.