EVERSON v. WAYNE COUNTY BOARD OF AUDITORS.

1. COUNTIES—TRACT INDEX DEPARTMENT—SALARIES—EQUALLY DIVIDED COURT.

　　Judgment for plaintiff, a former employee of a county tract index department, for balance of salary alleged to be due him when his time of service and payment therefor was reduced by 50 per cent. to a staggered two-week period of service and lay-off is affirmed by an equally divided court.

2. COSTS—PUBLIC QUESTION.

> No costs are allowed plaintiff, a former employee in a county tract index department, upon affirmance of judgment for him against county for balance of salary, where a public question was involved.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted January 11, 1938. (Docket No. 90, Calendar No. 39,683.) Decided May 4, 1938.

John Everson presented his claim to Board of County Auditors for balance of salary as an employee of Tract Index Department. Claim disallowed. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed by an equally divided court.

*Douglas A. Graham,* for plaintiff.

*Walter J. Dunne,* for defendant.

POTTER, J. Plaintiff presented a claim to the Wayne county board of auditors for salary alleged to be due him as a former employee of the tract index department. From judgment for plaintiff, defendant appeals.

It is stipulated by counsel that plaintiff is a resident of the city of Detroit, of legal age; that from December 1, 1932, to November 30, 1933, and from December 1, 1933, to May 15, 1934, he was an employee of the tract index department of Wayne county; his services were under contract on the basis of $2,300 a year; that December 1, 1932, his name was entered on the budget for his department at a salary of $2,070 a year, which was an entry of a 10 per cent. reduction of his annual wages or salary; the same rule applied from December 1, 1933, to May 15, 1934; that December 1, 1932, by reason of a

system of staggering employment in the department put in force by the board of county auditors, he suffered a further reduction of 50 per cent. below the 10 per cent. reduction. It is conceded the amount of his claim, $1,207.50, is proper if defendant is legally liable therefor. Upon the presentation to the board of auditors of an affidavit in verification of his claim, defendant answered, alleging the board of auditors, under the provisions of 1 Comp. Laws 1929, § 1233, subd. 5 (Stat. Ann. § 5.608, subd. 5), and a certain ordinance enacted by the board of supervisors of Wayne county June 28, 1921, approved by the governor of the State August 25, 1921, had authority to regulate the compensation of plaintiff, and the deductions and changes in the compensation of plaintiff, described in his claim, were made pursuant to that authority.

If the board of county auditors had authority to make the deductions claimed in its behalf, plaintiff may not recover. If plaintiff is correct in his contention, he should recover.

The trial court permitted recovery by plaintiff. Defendant appeals, alleging the court erred in holding the action taken by the board of county auditors was tantamount to the fixing of salaries; and in not holding the board of county auditors had the authority to reduce the time of employment of plaintiff in accordance with a so-called "stagger" system of employment and to authorize payment to plaintiff on a prorated basis.

Under the Constitution, boards of supervisors have such powers as may be prescribed by law (Const. 1908, art. 8, § 7); and the law may confer upon boards of supervisors local legislative authority, not inconsistent with the Constitution (Const. 1908, art. 8, § 8).

The board of county auditors of Wayne county established a tract index system in 1913, the legality of which came before the court in *Thomas* v. *Wayne County Board of Supervisors,* 214 Mich. 72, where it was held that without express legislative authority the board of supervisors could not by ordinance take away from the register of deeds duties imposed upon him by 3 Comp. Laws 1915, §§ 11789, 11790 (3 Comp. Laws 1929, §§ 13374, 13375 [Stat. Ann. §§ 26.771, 26.772]), in relation to such tract index. *Thomas* v. *Wayne County Board of Supervisors* was decided April 6, 1921, and the legislature passed Act No. 378, Pub. Acts 1921 (1 Comp. Laws 1929, § 1380 *et seq.* [Stat. Ann. § 5.1001 *et seq.*]), approved May 18, 1921, which became effective August 18, 1921. After the enactment of Act No. 378, Pub. Acts 1921, the ordinance here involved was passed.

The Constitution (1908), art. 8, § 9, provides the board of supervisors shall have exclusive power to fix the salaries and compensation of all county officials not otherwise provided for by law, and it prescribes the duty of boards of county auditors.

It is not claimed plaintiff was a county officer within the meaning of the Constitution. His right to recover is based upon the ordinance passed by the board of supervisors June 30, 1921, approved by the governor August 25, 1921, and filed August 26, 1921.

By the terms of this ordinance, the board of county auditors of Wayne county has charge of, supervision over, and the management and control of, the Wayne county tract index department. They, and their successors, are authorized and empowered to employ persons to keep and maintain such system of abstracts and to *pay them the compensation that shall be fixed by the board of supervisors prior to their appointment.* Ordinance 1921, § 1. The board

of county auditors was authorized to appoint a superintendent of the Wayne county tract index department and such other persons to be his assistants to carry on the work of the department as it should deem necessary; provided, however, "the *compensation to be paid to the superintendent and his said assistants shall be fixed by appropriation of the board of supervisors prior to the appointment of said superintendent and his assistants.*" Ordinance 1921, § 2.

The board of county auditors of Wayne county was authorized by ordinance to make recommendations as to appropriations to the board of supervisors; and, by section 7 of the ordinance, to submit estimates to the board of supervisors for the purpose of enabling it to make appropriations, and it is made the duty of the board of supervisors to appropriate the money necessary for the maintenance of the department. By section 11 of the ordinance, the tract index and abstract books and records belonging to Wayne county, under the ordinance of 1913, were declared to be a part of the records of the Wayne county tract index department established in pursuance of the ordinance of 1921.

The trial court held the board of supervisors, in pursuance of the ordinance of 1921, expressly retained to itself the fixing of compensation for the various employees in that department, and that the board of county auditors had no power to fix such compensation and any action taken by it to fix the same was a nullity. We think the trial court was correct.

Judgment affirmed, but without costs, a public question being involved.

SHARPE, CHANDLER, and MCALLISTER, JJ., concurred with POTTER, J.

BUTZEL, J.  The board of supervisors of Wayne county by proper resolutions adopted budgets for the geographic tract index division of the department of the board of county auditors for the fiscal years 1932–1933 and 1933–1934.  It made appropriations for the services of 1 bookkeeper, 6 clerks, 16 abstracters and assistants and 8 verifiers.  The amount allowed for each of three verifiers was $2,070 for the fiscal year 1932–1933, and the same amount for 1933–1934.  The appropriation resolutions did not provide that the number of employees thus specified had to be hired, nor did it name them.  The plaintiff, who had been working for the tract index department, was continued as one of the three verifiers whose salary was fixed at the rate of $2,070 per year.

When the work of the tract index department slackened, owing to the fact that the depression had decreased the number of real estate transactions, it was found that the department was overmanned.  Under the ordinance creating the tract index department, the board of county auditors had no power to fix the compensation of employees, but was authorized to hire employees and to discharge them *at will.*  Instead of discharging excess employees, the board of county auditors adopted a stagger system of employment, so that plaintiff would work for two weeks, then be laid off for two weeks, while another regular employee would take his place.  This process was repeated until plaintiff's discharge in May, 1934.  In this manner, plaintiff and the other employees were kept at work for half the time and were paid accordingly.  The record does not show that plaintiff made any complaint at the time, but after his discharge he brought the instant suit to recover the salary for the several two-week periods during

which he had been laid off. Had plaintiff felt any dissatisfaction with what seemed to be a reasonable arrangement, considering the lack of work and general financial conditions, he could have protested and run the risk of being discharged by the board of auditors. He concedes that he was paid the salary provided for by the supervisors for the two-week periods in which he worked, but insists that he is also entitled to pay for the periods in which he did not work but was willing to work. He contends that he could not obtain other work during the forced periods of idleness and that when he did work for the defendants, he worked overtime, but the suit is not brought on that account. Plaintiff's contention is that the board of county auditors had no power to alter his compensation, that the adoption of the stagger system was an attempted exercise of such power, and was, therefore, void and of no effect.

Plaintiff was merely an employee, not an officer, and could have been discharged at will. As an employee, he was entitled to pay only for services rendered, and if he had been discharged before the end of any fiscal year, he could not have collected any further salary. *Derry* v. *East Saginaw Board of Education,* 102 Mich. 631. The case differs from *Roulo* v. *Wayne County Board of Auditors,* 74 Mich. 129, where we held that the salary of the register of deeds, an officer elected for a fixed term, could not be reduced by lightening his burdens. The board of auditors had power to reduce the time of plaintiff's employment, and the amount of salary to be paid was reduced as an incident of the exercise of that power. If plaintiff had been discharged after working for two weeks, he would have been entitled to salary only for that period. Yet such action of the board of auditors in so discharging him could not be said to be a regulation of his compensa-

tion.   The acts of the board of auditors in the instant case merely reduced the time of plaintiff's employment as if he had been hired for two weeks, then discharged, then rehired after two weeks, discharged, et cetera, with the payment of a proportional amount of the salary provided by the board of supervisors, for the time in which he worked, but without salary during the time in which he was idle. Plaintiff received pay in proportion to the amount of work done.   Consequently the action of the board of auditors must be viewed as a regulation of the time of employment, which was within its power, and not a regulation of the amount of compensation.

The judgment should be reversed and the case remanded for entry of judgment for defendant without a new trial and without costs as the question is a public one.

WIEST, C. J., and BUSHNELL and NORTH, JJ., concurred with BUTZEL, J.