79 So.2d 690 (1955)
Charles T. WYNNE, Appellant,
v.
LUDMAN CORPORATION, a Florida corporation, Appellee.
Supreme Court of Florida. Special Division B.
April 20, 1955.
Philip T. Weinstein and Paul A. Louis, Miami, for appellant.
Douglas D. Batchelor, Davis S. Batcheller and Smathers, Thompson, Maxwell & Dyer, Miami, for appellee.
MATHEWS, Chief Justice.
In this case the appellant, plaintiff below, in his amended complaint alleged a definite contract, dated in May, 1952, whereby the appellee agreed to pay him $6,000 per year, together with a bonus of $2,000, and that it was mutually understood by the parties that the contract was to be a permanent one for one year. During said year the appellant received the sum of $6,000 and further alleged that he received certain sums as a bonus, including $300 advance on his bonus; that the appellee required the signing of promissory notes for a so-called formality, and secured said notes on the appellant's automobile. The complaint then alleged that during May, 1953, he (appellant) held over and continued in the employment of the appellee without any new express agreement and thereby the appellee elected to continue the employment of the appellant for the year beginning on the 12th of May, 1953, upon the same terms and the same compensation as provided for and agreed to in the original contract of May, 1952, and that by reason of the said holding over between the appellee and appellant, the appellee employed appellant for a period of one year as aforesaid; that on the 8th day of July, 1953, the appellee, without notice, justification or cause, suddenly informed the appellant that his services were to be terminated on the same date and refused to permit appellant to continue therein. This suit is a result of the alleged agreement.
The Court refused to dismiss the amended complaint and in effect held that it stated a cause of action as the appellant proved the allegations thereof and required the appellee to answer. In the answer appellee denied the material allegations of the amended complaint that there was any employment for a definite period of time at a definite salary with a bonus in addition thereto, and also filed a counter-claim in which appellee claimed that it loaned the appellant various sums of money and that at the time of making said loans the appellant executed and delivered to appellee certain promissory notes, copies of which were attached to the counter-claim. Appellee claimed that it was still the owner and holder of said notes and payment had been refused by appellant and that there was due to appellee (Ludman Corporation) the principal sum of $1,450, with interest and attorney's fees.
Thereafter, appellee filed a motion for summary judgment upon the pleadings and the discovery deposition on the ground that there was no genuine issue as to any material fact, and that appellee was entitled to judgment as a matter of law.
The deposition showed that the appellant in this case was a man of wide experience, a college graduate and an attorney at law. In the depositions of appellant, he testified *691 unequivocally that he had been employed at a salary of $500 per month, that there was no definite time for employment, and that the employment could be terminated by the appellee at any time. He testified without hesitation that the employment could be terminated at will and that his salary was $500 per month, payable semi-monthly.
With reference to the bonus his only explanation was that the notes were a mere formality. The record shows that he was highly educated, could read and understand the English language and he offered no satisfactory excuse for signing the notes or any direct or positive agreement that a bonus would be paid.
The deposition of appellant taken under oath was uncontradicted and was at most that his employment was on a month-to-month basis and could be terminated at any time regardless of the quality of his work. His testimony did not support the allegations of the amended complaint but proved the answer of the appellee as to the term and salary agreed upon for the employment.
In the case of Savannah, F. & W.R. Co. v. Willett, 43 Fla. 311, 31 So. 246, 247, this Court said:
"No action can be maintained for the breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. Blaisdell v. Lewis, 32 Me. 515, De Briar v. Minturn, 1 Cal. 450. If a term of employment be discretionary with either party, or be indefinite, either party may terminate it at any time."
In Knudsen v. Green, 116 Fla. 47, 156 So. 240, 242, this Court said:
"An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure."
In this state of the record there was no dispute as to any material issue of fact and there was nothing to submit to a jury. The trial court had no alternative but to find that there was no genuine issue as to any material fact and enter summary judgment in favor of the appellee.
Appellant also raises the additional question that the facts involved were so enmeshed that the court could not dispose of the claim of the appellant without also disposing of the counter-claim of appellee. There is no merit in this contention.
Affirmed.
TERRELL, HOBSON and DREW, JJ., concur.