## ISAACS v. VOLARE SHOES #2.
### No. 123440.
Small Claims Court, Dade County.
July 27, 1964.

Harvey Baxter of Stern, Hutner & Baxter, Miami, for plaintiff.

Robert Dixon, Irving Cypen Law Offices, Miami Beach, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered for the plaintiff for $170, plus court costs of $12.25.

The evidence is legally sufficient to establish liability on plaintiff's claim in that amount, the evidence is legally insufficient to establish liability on defendant's counterclaim.

The evidence shows that plaintiff was discharged after working two days of his final week of employment and defendant deducted $70 from his pay for cashing a bad American Express money order for a customer.

The credible evidence compels a finding that the oral contract of employment was for an indefinite period and determinable at the end of any week at the will of either employer or employee.

Under the applicable law plaintiff is entitled to recover one full week's salary ($100), plus the compensation improperly deducted ($70).

The issue presented herein is governed by the principle of law recognized and applied in Knudsen v. Green, 156 So. 240, where the Florida Supreme Court (Chief Justice Davis) stated at page 242 —

"Our conclusion is that under the contract as pleaded the defendant Green did not bind himself to employ the plaintiff, nor did the plaintiff obligate himself to remain in defendant's service for any definite period of time beyond the first month of hiring, and that the hiring, after the expiration of the first month, being indefinite as to its duration, could be lawfully terminated at the will of either party upon the giving of notice of dismissal. (Citing authorities.) An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure. (Citing authorities)."

In the absence of special circumstances which have been determined sufficient to control the matter, the general rule in England, and many states in this country, is that a hiring at a named price by week, month, or year is a definite hiring for the

period named. See 100 A.L.R. page 836 (supplementing annotations in 11 A.L.R. 471) and cases annotated therein.

Defendant (counter-plaintiff) has failed to sustain the legal burden of proof by a preponderance of competent evidence. The credible evidence fails to sustain the material allegations of the counterclaim. There has been no competent showing of a breach of duty on the part of plaintiff (employee).