197 So.2d 333 (1967)
Benjamin SHER, Appellant,
v.
SHOWER DOOR COMPANY OF AMERICA, LTD., a Georgia Limited Partnership, and Robert Robbins, General Partner, Associated and Doing Business under the Name and Style of Shower Door Company of America, Appellees.
No. 66-590.
District Court of Appeal of Florida. Third District.
April 4, 1967.
John F. Muckerman, Miami Beach, for appellant.
Blackwell, Walker & Gray and Melvin T. Boyd, Miami, for appellees.
Before PEARSON, BARKDULL and SWANN, JJ.
PER CURIAM.
Appellant, plaintiff in the trial court, seeks review of an order dismissing with prejudice his second amended complaint. The action sought damages for breach of a contract of employment.
In May of 1964, the appellant was hired by the appellees as a field manager, the terms of said employment being spelled out in a letter between the parties, with the plaintiff to receive a weekly salary plus a percentage of the net profits on certain sales. The contract specified no duration of employment. On February 2, 1965, the appellant's services were terminated without cause and without advance notice. As a result, the appellant brought the action, alleging that he had a written contract of employment which was to run for a reasonable length of time and which could not be terminated without reasonable notice. See: Florida-Georgia Chemical Co. v. National Laboratories, Inc., Fla.App. 1963, 153 So.2d 752; Sanchez v. Crandon Wholesale Drug Co., Fla. 1965, 173 So.2d 687. The appellees moved to dismiss on the ground that the alleged contract upon which the suit was brought was one for an indefinite term, which was subject to be terminated at will. See: Savannah F. & W. Ry. Co. v. Willett, 43 Fla. 311, 31 So. 246; Knudsen v. Green, 116 Fla. 47, 156 So. 240; Hope v. National Airlines, Inc., Fla.App. 1957, 99 So.2d 244; Wynne v. Ludman Corporation, Fla. 1955, 79 So.2d 690. We affirm.
No term of the employment was expressed in the letter agreement. Therefore, the employment relationship was *334 terminable at will by action of either party. See: Knudsen v. Green, supra; Russell & Axon v. Handshoe, Fla.App. 1965, 176 So.2d 909. The fact that the plaintiff was to share in the net profits upon the sale above certain minimal amounts does not alter this general rule. See: Livermore v. Mandeville & Thompson, Inc. (5th Cir.1938), 93 F.2d 563; Allgood v. Feckoury, 36 Ga. App. 42, 135 S.E. 314; Tuttle v. Kernersville Lumber Co., 263 N.C. 216, 139 S.E.2d 249; 56 C.J.S. Master and Servant, § 31.
The final order of dismissal here under review is hereby affirmed.
Affirmed.