318 So.2d 178 (1975)
SERVAMERICA, INC., and Stand 'n Snack of America, Inc., et al., Appellants,
v.
Michael B. ROLFE, Appellee.
No. X-52.
District Court of Appeal of Florida, First District.
August 13, 1975.
Rehearing Denied September 4, 1975.
*179 William L. Durden, and Timothy A. Burleigh, of Kent, Sears, Durden & Kent, Jacksonville, for appellants.
Lawrence C. Rolfe, of Gelman & Rolfe, P.A., Jacksonville, for appellee.
BOYER, Chief Judge.
Appellants, defendants in the trial court, appeal from a final judgment rendered pursuant to a jury verdict in favor of the appellee, plaintiff in the trial court, for compensatory damages in the sum of $3,000.
While working as an assistant manager at a Winn-Dixie Store, appellee was induced to abandon that position in order to go to work for appellant with the promise that he would ultimately be placed in a supervisory position. Appellee gave up his job with Winn-Dixie and became employed by appellant, but was never promoted to a supervisory position. The lagging economy of the country necessitated institution by appellant of an austerity program whereupon appellee was discharged. He filed suit alleging breach of an oral contract of employment.
Appellant urges that under Florida law an action may not be maintained for termination of a contract of employment without some agreement as to the length of time that the employment is to continue, citing Wynne v. Ludman Corporation, Sup.Ct.Fla. 1955, 79 So.2d 690, and that a contract for employment for an indefinite period of time is terminable at the will of either party, citing Knudsen v. Green, Sup. Ct.Fla. 1934, 156 So. 240. It further urges that inasmuch as there is nothing in the record of this cause to prove that the employment of appellee by appellant was other than for an indefinite period, terminable at the will of either party, the alleged cause of action for wrongful termination of the oral employment contract cannot be sustained.
Appellee concedes the correctness of the principles of law urged by appellant but contends that his action is not for the breach of an oral contract of employment for an indefinite period of time (which he concedes is terminable at will) but he urges instead that the gravamen of his complaint is that appellant contracted to employ him (appellee) in a supervisory capacity, to wit: in a specific position, which was never done.
The facts of this case are remarkably simliar to those in Knudsen v. Green, supra. There the plaintiff, while an employee of Standard Oil Company entitled to various fringe benefits was induced by the defendant to give up that position in reliance upon the defendant's oral agreement to hire the plaintiff as the master of the defendant's houseboat (a specific position). The plaintiff gave up his position with Standard Oil and at the direction of the defendant traveled to Maimi where he remained subject to the defendant's orders for several months when he was ultimately discharged by the defendant without ever becoming employed as master of defendant's boat, the position for which he was hired. Under those facts the Supreme Court of Florida held:
"Our conclusion is that under the contract as pleaded the defendant Green did not bind himself to employ the plaintiff, nor did the plaintiff obligate himself to remain in defendant's service for any definite period of time beyond the first month of hiring, and that the hiring, after the expiration of the first month, being indefinite as to its duration, could be lawfully terminated at the will of either party upon the giving of notice of dismissal. See Odom v. Bush, 125 Ga. 184, 53 S.E. 1013; Derry v. Board of *180 Education of City of East Saginaw, 102 Mich. 631, 61 N.W. 61. An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its enduring, must be construed as a contract terminable at the end of any month by either party at pleasure. Clark v. Ryan, 95 Ala. 406, 11 So. 22; Cleveland v. Towle, 213 Ala. 129, 106 So. 60.
"It follows, therefore, that if the contract that plaintiff made with the defendant in its essence contemplated a legal right on defendant's part to terminate it at any time after the first month at the master's pleasure, the master can be held for no special damages because of his exercise of that right simply because the servant gave up his previous employment in order to accept the new contract with defendant. * * *"
* * * * * *
"We hold, therefore, in the present case that under a declaration alleging that a master has entered into a contract of employment with a servant for an indefinite period of time at a monthly salary, that upon a breach of such contract the servant's measure of damages is the worth of the bargain upon which the action is based; not the loss of advantages derived from another contract between the servant and a previous employer, which contract the servant terminated as an incident to entering into the contract alleged to have been broken." (156 So. 242 & 243)
In the case sub judice appellee seeks to distinguish Knudsen v. Green, supra, claiming that since he was never placed in a supervisory position, the position for which he was hired, he has a cause of action for that breach although he concedes that had he been so employed in such position appellant could have immediately discharged him without liability. In so arguing appellee overlooks that such were the exact facts in the Knudsen case. There the plaintiff was hired for a specific job, the master of a vessel. Here the plaintiff was hired for a specific job, a supervisory position. In the Knudsen case the plaintiff was placed on the payroll of the defendant but never placed in the actual position for which he was hired. In the case sub judice the plaintiff became the employee of the defendant but was never placed in the supervisory position for which he was hired. In the Knudsen case the plaintiff claimed the identical damages as those here claimed by the appellee. The Supreme Court there held such was not recoverable. Neither are they sub judice. Further, the record before us does not reveal the compensation to have been paid by appellant to appellee had he become employed in a supervisory position, therefore even were appellee not barred from recovery by the rules of law announced in the Knudsen case we would nevertheless be here required to reverse because of lack of proven damages for the breach.
Having determined that the defendant (appellant here) was entitled to a judgment as a matter of law, we find it unnecessary to consider the other points raised on this appeal.
Reversed and remanded with directions to vacate the judgment for the plaintiff entered pursuant to the jury verdict and to enter judgment for the defendant.
It is so ordered.
McCORD and MILLS, JJ., concur.