PER CURIAM.
Appellant contests the trial court’s order granting appellee’s motion for summary judgment. We affirm.
Appellant initiated this action for breach of employment contract. In his complaint he alleged that the parties had entered into a written employment agreement on September 29,1977, whereby he was hired commencing on that date as an engineer for appellee and that three days later appellant was discharged. Pursuant to the agreement, a copy of which was attached to and incorporated by reference in the pleading, appellant further averred that appellee agreed to pay him $19,500 annually, payable at the rate of $750 every two weeks. Appellant claimed damages based on his discharge without cause.
The employment contract provided in pertinent part:
This offer and your compensation is based upon the terms of RCA’s current contract with the U. S. Navy. Accordingly, RCA reserves the right to make such adjustments in employment policies, conditions and compensation as necessary in order to perform under contract with the U. S. Navy. This assignment is not to be construed as a guarantee of employment for any specific period of time or specific type of work. All assignments and continued employment will depend upon your satisfactory performance and the Company’s determination of the need for your services.
We believe the clear language of the contract is susceptible to but one conclusion— that the contract was terminable at will by either party. Wynne v. Ludman Corp., 79 So.2d 690 (Fla.1955); Savannah, F. & W. Ry. v. Willet, 43 Fla. 311, 31 So. 246 (1901). See also Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1934). Therefore, summary judgment was properly awarded. Wynne, supra.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.
MOORE, J., concurs in conclusion only.