MADDOX, Justice.
This case comes to us on appeal from summary judgment by the Circuit Court of Geneva County. The facts, as set out in a prior opinion in this case, are as follows:
“Sanders was an employee of Liberty National Life Insurance Company from February 14, 1968, to June 9, 1980. He was first employed as an agent in the Pinellas District of Liberty [National] in Clearwater, Florida. In February 1971, he was promoted to sales manager in that district.
“Sanders contends that Liberty National, in 1976, represented to him that if he would move himself and his family to California, and there remain for two and one-half years, Liberty National would return him to the ‘East Coast’ in a position as district manager. Liberty National asserts that Sanders requested a transfer to California. In any event, Sanders did transfer to Glendale, California, early in 1976.
“In November 1978, Sanders requested to be transferred back to the ‘East Coast’ as a district manager. In December 1978, Liberty [National] informed him that he could only be transferred back to the ‘East Coast’ as a sales manager. Thereafter, Sanders requested a transfer to Montgomery, Alabama, as a sales manager.
“After working as a sales manager in Montgomery for five months, Sanders requested a transfer to the Enterprise District of Liberty National as an agent. He was transferred effective July 2, 1979. After working in the Enterprise District for less than one year, Sanders resigned from Liberty National.
“Sanders filed a five-count complaint against Liberty National on June 22, 1981. Count I of that complaint alleged breach of an oral agreement between Sanders and Liberty National that if he would transfer from Florida to California, and remain there for at least two years, that Liberty [National] would transfer him to the ‘East Coast’ as a district manager. Counts II-V alleged that Liberty National procured Sanders’s agreement to work in California for two years by making representations fraudulently and in bad faith. Additionally, the complaint alleged that Sanders had fully performed his obligations under the agreement with Liberty National.”
Sanders v. Liberty Nat. Life Ins. Co., 443 So.2d 909 (Ala.1983).
In that previous appeal, Sanders had appealed from adverse rulings on all five counts of his complaint against Liberty National, his former employer. The Circuit Court of Coffee County had granted Liberty National’s motion to dismiss Count I, which alleged breach of an oral contract of employment. The Circuit Court of Coffee County had held that the alleged contract, which was not to be performed in one year, violated the Statute of Frauds of Florida, where the contract was made. The court also transferred the remaining four counts, of which II and IV alleged fraud, and V alleged bad faith, to the Circuit Court of Geneva County. That court granted summary judgment on these remaining counts, holding that they were barred by Alabama’s one-year statute of limitations; however, on appeal this Court held that the Circuit Court of Coffee County had improperly granted Liberty National’s motion to dismiss Count I of Sanders’s complaint, holding that “we [did] not believe that Florida’s Statute of Frauds [barred] an action on an oral contract of employment for more than one year, which allegedly was fully performed by the employee.” 443 So.2d 909, 911 (Ala.1983).
On this appeal, Sanders contends that the trial court, in its proceedings following our reversal and remand, improperly granted summary judgment on Count I, and argues essentially that this Court decided on the first appeal that he was entitled to a trial on his complaint, and that this appeal amounts to a rehearing of that appeal. We disagree. After the judgment (as to Count I) was reversed and that aspect of the case remanded, additional discovery was had and summary judgment was granted. Based upon all the facts *1203 presented to the trial court on Liberty National’s motion for summary judgment, we are of the opinion that no genuine issue of fact existed and that Liberty National was entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.
We point out that this Court’s reversal on the prior appeal was based on the rule of law applicable to motions to dismiss when no matters outside the pleadings are considered. In this case, there was additional evidence considered by the court and the order was entered based upon Liberty National’s motion for summary judgment. It is, of course, axiomatic that different rules of law apply when this Court reviews a dismissal based upon the pleadings and when it reviews a summary judgment.
Florida law is clear on the doctrine of employment-at-will. No recovery is allowed for the breach of an employment agreement where the employment is terminable at will. Employment is deemed to be at will unless the agreement provides for a definite term of employment. Forde v. Royal’s, Inc., 537 F.Supp. 1173, 1175 (S.D.Fla.1982).
The leading Florida case on employment-at-will is Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1934). In Knudsen, the plaintiff alleged that he had given up his job and relocated his family to another city in reliance on the defendant’s oral representation that he would employ the plaintiff as master of his boat. The duration of the plaintiff’s employment was not specified, but he was to be paid at monthly intervals. Before the plaintiff began work, the defendant repudiated the contract and hired another man for the job. In concluding that the contract was terminable at will by either party, the Florida Supreme Court stated:
“Our conclusion is that under the contract as pleaded the defendant Green did not bind himself to employ the plaintiff, nor did the plaintiff obligate himself to remain in defendant’s service for any definite period of time beyond the first month of hiring, and that the hiring, after the expiration of the first month, being indefinite as to its duration, could be lawfully terminated at the will of either party upon the giving of notice of dismissal. See Odom v. Bush, 125 Ga. 184, 53 S.E. 1013; Derry v. Board of Education of City of East Saginaw, 102 Mich. 631, 61 N.W. 61. An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is determinable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure. Clark v. Ryan, 95 Ala. 406, 11 So. 22; Cleveland v. Towle, 213 Ala. 129, 106 So. 60.
“It follows, therefore, that if the contract that plaintiff made with the defendant in its essence contemplated a legal right on defendant’s part to terminate it at any time after the first month at the master’s pleasure, the master can be held for no special damages because of his exercise of that right simply because the servant gave up his previous employment in order to accept the new contract with defendant. This is true, because the making of the new contract was necessarily inconsistent with the continued existence of the old one at all events, and had the defendant elected to retain the plaintiff in his service for a great number of years, or even for the remainder of his lifetime, the old contract would still have been at an end by reason of the mere creation of the new, to which creation of the new the termination of the old contract was simply an incident.”
Knudsen, 116 Fla. at 52, 53, 156 So. at 242, 243.
In the instant case, Sanders contends that although his written employment contracts provide that his employment shall be at will, his oral agreement to accept transfer to California conditioned on a promotion and transfer as district manager after two and one-half years should be *1204 construed to be an independent contract separate from his employment contract; however, the case of Harrison v. Jack Eckerd Corp., 342 F.Supp. 348 (M.D.Fla.1972), addresses virtually this same point. In that case, the plaintiff, after being dismissed from his job, claimed that certain stock options with the defendant company constituted separate agreements, and that the defendant breached those agreements by terminating the plaintiff. The Federal district court, applying Florida law, held:
“While it is superficially appealing, this approach will not withstand analysis in the light of the applicable Florida authorities. First, it is legally impossible to separate the options from the oral employment contract. They arose out of, and were made expressly dependent upon, a continuation of the employment relationship. Harrison concedes that he could have resigned at will, and there is nothing to indicate that the parties ever intended a definite term of employment or any other higher and different obligation on the part of Eckerd. In these circumstances, the Florida courts have uniformly held that the employment continues to be terminable at the will of either party and that the mere existence of a stock option or other inchoate employee benefit is insufficient, standing alone, to indicate an agreement upon or otherwise give birth to a different form of relationship. See, White v. Strange, 237 So.2d 16 (1st D.C.A. Fla.1970) and Hoffman v. Robinson, 213 So.2d 267 (3rd D.C.A. Fla.1968), each involving stock options; and Sher v. Shower Door Company of America, Ltd., 197 So.2d 333 (3rd D.C.A. Fla.1967), involving a profit sharing agreement.”
Harrison, 342 F.Supp. at 350.
Finally, the case we find to be most directly on point is Servamerica, Inc. v. Rolfe, 318 So.2d 178 (Fla.Dist.Ct.App.1975). There, the plaintiff claimed that, while working as an assistant manager at a grocery store, he was induced to leave that position in favor of a position with defendant Servamerica by the promise of an ultimate promotion to a supervisory position. Plaintiff went to work for defendant, but was never promoted, and eventually his employment was terminated. In that case, citing Knudsen, the court held that the plaintiff could prove nothing more than an employment at will, despite his reliance on the defendant’s promise of a promotion, and thus could not recover for breach of the employment relationship. Another case, Maguire v. American Family Life Assurance Co., 442 So.2d 321 (Fla.Dist.Ct.App.1983), held that mere expectations, though encouraged by the employer, were insufficient to create a binding term of employment.
We are of the opinion that the above-cited decisions control this case, because both parties concede that, absent other facts, Sanders’s employment with Liberty National was terminable at will. As Harrison, supra, and Maguire, supra, demonstrate, the existence of inducements or expectations as to promotions or future income do not make the relationship one in which the ordinary rule would not apply. Thus, Knudsen is dispositive of this case, and the ruling of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
JONES, ALMON, BEATTY and HOUSTON, JJ., concur.