SHEVIN, Judge.
Century 21 Real Estate of South Florida, Inc., appeals a final summary judgment in its action against Braun & May Realty, Inc., to recover real estate commissions. We reverse.
Century 21 and Braun & May entered into four franchise agreements with specified terms of duration. If the agreements were not renewed at the end of the terms, the franchisee would be “deemed to be operating on a month-to-month basis under the terms and conditions of the Franchise Agreement-” Agreement ¶3. B. After the original terms ran, Braun & May did not renew the agreements and continued to operate as a Century 21 franchisee on a month-to-month basis. Some time thereafter, Braun & May decided to discontinue the relationship and wrote a letter informing Century 21 of its intentions.
Century 21 sued Braun & May to recover commissions pursuant to paragraph eighteen[1] of the franchise agreements. That provision entitles Century 21 to collect commissions on: 1) gross revenues ultimately received from a transaction in process on the *879 date of termination; 2) gross revenues ultimately received from any referrals from other Century 21 offices prior to termination; and 3) gross revenues received from the closing of a listing procured while a Century 21 franchisee. Braun & May asserted that a termination as defined in paragraph seventeen [2] of the agreements had not taken place, rather, the agreements had -naturally expired when the stated term ran. Therefore, Braun & May reasoned that because there was no termination as defined in the contract, paragraph eighteen was not triggered and it owed no commissions under the agreement.
The facts of the case were not disputed and both parties filed motions for summary judgment. The trial court granted Braun & May’s motion and entered final summary judgment finding that the contracts expired on the date specified in the agreements, that no termination as defined by the agreements occurred, and that there was no obligation for Braun & May to pay commissions to Century 21.
The issue in this case is whether under the terms of the parties’ franchise agreements Braun & May owed Century 21 commissions on transactions still pending when the franchise ended. Contrary to the trial court’s conclusion, the agreements between the parties did not lapse. The franchise agreements provided that once the specified time periods ran, the parties’ relationship continued on a month-to-month basis governed by the agreement terms. See supra Agreement ¶ 3. B. In Brenner v. Barco Chemicals Div., Inc., 209 So.2d 277 (Fla. 3d DCA 1968), this court construed an analogous provision in an employment contract. The employment contract stated a fixed term of employment, and required the continued application of the contract provisions if employment extended beyond the stated date. In construing that provision, this court rejected Brenner’s argument that the contract terms were no longer binding because the contract had expired; we held that the terms of the contract still applied to, and were still enforceable against the parties as provided in the contract. That is what occurred in this case. Here, although the original time periods ran, the agreements provided that the parties continued to be bound by the agreement terms.
Moreover, because of its ongoing nature, a month-to-month agreement does not expire at the end of every month. The relationship under such an agreement continues until a party terminates the relationship. See Drum v. Pure Oil Co., 184 So.2d 196 (Fla. 4d DCA 1966)(month-to-month tenancy is continuous relationship until terminated); Knudsen v. Green, 116 Fla. 47, 156 So. 240 (1934)(employment contract with no time limit terminable by either party at any time). Braun & May’s letter to Century 21 discontinuing its franchisee status effected a termination of the ongoing relationship. This termination triggered the paragraph eighteen provision which was made applicable to the month-to-month relationship by the express terms of the agreements. Once the relationship is terminated, “for any reason,” Agreement ¶ 18, the commissions required in paragraph eighteen are payable to Century 21.
Based on the foregoing, we reverse the final summary judgment entered in Braun & May’s favor, and remand with instructions to grant Century 21’s motion, and to enter summary judgment in Century 21’s favor and for further proceedings consistent with this opinion.
Reversed and remanded.

. The Franchise Agreement states:
18. PROCEDURES AFTER TERMINATION
Upon the termination of this Agreement for any reason. Franchisee shall cease to be an authorized CENTURY 21 Franchisee and shall:
B. Pay to CENTURY 21 Regional the-six percent ( 6 %) service fee, plus the two percent (2%) NAF contribution, based upon the gross revenue ultimately received from any transaction in process as of the date of termination and the —-six percent ( 6 %) service fee, plus the two percent (2%) NAF contribution, based upon the gross revenue ultimately received from any referral sent to or received from any other CENTURY 21 office prior to the date of termination, said sum to be paid promptly upon receipt of such revenue by Franchisee. Additionally, Franchisee shall pay CENTURY 21 Regional the six— percent ( 6 %) service fee, plus the two percent (2%) NAF contribution, based upon the gross revenues ultimately received from the closing of any transaction occurring after termination hereof, but the listing for which was initially procured by Franchisee during the time Franchisee was operating the Franchise under this Agreement.

. 17. TERMINATION
This Agreement may not be terminated except as provided in this Agreement. Termination of this Agreement shall not relieve Franchisee of any unfulfilled obligations created hereunder unless agreed to in writing by CENTURY 21 Regional.
This Agreement may be terminated as- follows:
A. Upon mutual written consent of the parties hereto.
B. [through L. At the option of CENTURY 21 in the event of certain default conditions.]