**Carl B. ROBBINS et al., Appellants,**

**v.**

**FRANK FEHR BREWING COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

McElwain, Dinning, Clarke & Winstead, A. Shelby Winstead, Louisville, for appellants.

William Mellor, Louisville, for appellee.

CULLEN, Commissioner.

This appeal involves the validity of an employment contract entered into on August 14, 1953, between the appellee, Frank Fehr Brewing Company, and the appellant, Carl B. Robbins, as amended on June 24, 1954. The contract was attacked in a derivative suit instituted by a preferred stockholder on behalf of the company. The court held the contract invalid and Robbins has appealed.

The contract was entered into with Robbins upon a resolution of the board of directors. The contract provided that Robbins was to be employed either as executive vice president and general manager of the company or in any other manner as the board of directors might determine from time to time; the employment was to be for a period of ten years; he was to receive a salary of $3,000 a month; he was to receive an annuity for life in monthly payments equal to the sum of $150 multiplied by the number of full years which he was in the employ of the company, and in the event his wife survived him, she was to be paid two-thirds of such monthly

amount for her life; Robbins could terminate the contract upon three months' notice in writing and the company could terminate the contract upon six months' notice by the unanimous vote of the board of directors.

Robbins began his employment as of the date of the contract. On May 21, 1954, William Mellor, a holder of preferred stock of the company, filed this derivative suit on behalf of the company against the appellant, alleging that the contract violated the company's charter and bylaws and that it failed to follow the directors' resolution authorizing the contract.

Robbins continued to work under the contract while the action was pending, until beyond a year from the time he commenced work.

The trial court entered a summary judgment holding the contract invalid to the extent that Robbins was not entitled to recover any sums beyond what had already been paid to him in the form of salary for the months he had worked under the contract.

The basis of the court's decision was that the contract violated a provision in the articles of incorporation which prohibited the corporation from creating or incurring any indebtedness that would mature more than one year after the date of creation or incurrence without the consent of the holders of at least two-thirds of the preferred participating stock.

■ As will presently be developed, we think the salary provision of the contract is valid, and the annuity provision invalid, so it will be necessary first to determine whether or not the contract is of a severable nature. The essential test is simple. Did the parties give a single assent to the whole transaction, or did they assent separately to several things? The answer is ascertained by viewing the contract as a whole and gathering the intention of the parties from it. T. M. Gilmore & Co. v. W. B. Samuels & Co., 135 Ky. 706, 123 S.W. 271. It will be noted that the parties contracted for two distinct things. First, that as long as Robbins was

employed by the company, he was to receive a certain monthly salary. Second, that upon the termination of his employment, he and his wife were to receive an annuity based upon the number of years he was employed by the company, the annuity being based upon the stated consideration that he and his wife were to continue counseling the corporation upon certain matters after the initial employment terminated. It is our conclusion that the contract is severable and that the salary and annuity features may stand or fall according to their individual validity.

■ It is contended by the appellee that the salary feature of the contract is invalid because in providing for payment of the salary for a period of ten years, it violates the charter provision against the incurring of an indebtedness which matures more than a year after the debt was created. However, the contract permits termination by the company upon six months' notice. Thus, at no time has the company obligated itself for more than six months. There is no *firm* indebtedness maturing beyond a year, in the sense of an indebtedness that the company cannot escape. Therefore, we are of the opinion that this phase of the contract does not violate the charter provision.

■ The annuity feature of the contract presents a different question. In order that Robbins and his wife reap the benefits of the annuity, it was necessary that Robbins be in the employment of the company for at least a year. Once he had served a year, the annuity could not be terminated. Thus, the annuity was either an indebtedness maturing beyond a year, or was no indebtedness at all. The indebtedness could never mature in less than one year. If the company terminated the contract before the first year ended, an indebtedness simply would never be incurred. The significant factor is that the *consideration* which would give rise to an indebtedness could not be furnished in less than a year.

The appellant, in support of his contention that the annuity provision does not vio-

late the prohibition against an indebtedness maturing beyond a year, draws an analogy to the cases arising under subsection (7) of the Statute of Frauds, KRS 371.010, which hold that if it is possible for contracts to be performed within a year, they need not be in writing. The answer to this contention lies in the fact that the Robbins contract could not have been "performed by termination within one year," which is the test employed in the Statute of Frauds cases. See Finley v. Ford, 304 Ky. 136, 200 S.W.2d 138, 141.; Bootes v. Gwinner's Adm'r, 251 Ky. 322, 64 S.W.2d 904. Robbins could only *perform* his contract by working at least one year.

The purpose of the charter provision here in question seems to have been to prevent one year's board of directors from creating an obligation which the next year's board, *some time during the next year,* could not terminate. With respect to the salary provision of the Robbins contract, the second year's board could always terminate the obligation within the year. However, with respect to the annuity provision, the second year's board could never terminate the obligation if the first board failed to exercise the termination privilege within the first six months.

We think the fact that the initiating board could have terminated the entire contract in less than a year, and thus prevented the indebtedness from accruing, does not save the annuity feature of the contract. It is the actions of the initiating board that the charter provision is designed to guard against.

It possibly might be argued that the indebtedness for the first year's annuity would mature *simultaneously* with the expiration of the year, and thus would not violate the charter provision against a debt maturing *more* than one year after its inception. However, we think the charter provision is concerned with the time the money becomes payable, and the word "matures" was used in that sense. The charter obviously was designed to prevent a board of directors from obligating future years' income. The fact that the obligation to pay the annuity may have become fixed on the last day of the first year's work does not mean that it matured on that day within the meaning of the charter. No annuity payments would become due until after the year had expired.

■ There is no basis for the application of any theory of estoppel or unjust enrichment to sustain a claim of Robbins for an annuity based on the one year of service that he did perform. In the first place, the suit to invalidate the contract was commenced before the year had elapsed. In the second place, the contract contemplated that Robbins and his wife would render consulting services during the time they, respectively, would receive the annuity, so the full consideration for the annuity has not been furnished.

A further contention of the appellant is that because the provision against indebtedness appears in a section of the charter dealing with capital items, the provision must have been intended to relate to what might be termed capital transactions, as distinguished from transactions incident to the ordinary transaction of business. The Robbins employment contract could hardly be called an "ordinary business transaction." If anything, it is extraordinary. Furthermore, we find nothing in the language of the section in question to indicate that capital indebtedness was the only kind intended to be limited. This section deals with the rights of various classes of stock, and the debt limitation provision clearly was intended as a protection to the preferred stock. Certain cases from Pennsylvania, relied upon by the appellant, are not applicable here because those cases construed a provision of the Pennsylvania Constitution which has wording entirely different from that of the charter provision here under consideration, and which seems to have had an entirely different purpose.

The appellee contends that the entire contract should be held invalid because the contract violated certain bylaws of the company and because the contract did not conform with the resolution of the board

of directors authorizing its execution. At this point we should state that Robbins terminated the contract, effective as of January 31, 1955, by notice given on October 26, 1954 (while this suit was pending.) As a result of this termination, the only issues to be litigated were Robbins' right to the annuity and his right to salary for the period from October 26, 1954, to January 31, 1955. We have held the annuity provision invalid. The features which the appellee contends violated the bylaws and the directors' resolution have no particular relation to the salary issue, so we think they do not warrant discussion.

The judgment is reversed, with directions to enter judgment in conformity with this opinion.