883 So.2d 314 (2004)
J.R.D. MANAGEMENT CORP., a New York corporation, and Robert R. Weiner, Appellants,
v.
Heather DULIN, Appellee.
No. 4D02-5111.
District Court of Appeal of Florida, Fourth District.
August 25, 2004.
Rehearing Denied October 28, 2004.
*315 Robert D. Soloff of Robert D. Soloff, P.A., Fort Lauderdale, for appellants.
Michael J. Kennedy of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
FARMER, C.J.
We grant the motion for rehearing, withdraw our previous opinion, and substitute in its place the following.
Plaintiff sued defendant J.R.D. Management (JRD) for breach of an employment contract. She also sued both JRD and defendant Weiner, a principal of the corporate entity, for fraud in the inducement of her employment. A jury found that an enforceable contract existed, and that JRD breached the contract by terminating her without good cause, entitling her to damages of $15,000 under a severance pay clause in the agreement. The jury also *316 found that defendant Weiner, but not JRD, fraudulently induced her employment, from which she suffered non-contractual damages of $31,875. The trial court entered judgment accordingly. We affirm.
JRD's principal argument on the breach of contract claim is that this was at-will employment and that plaintiff is barred from seeking any damages under the contract. We agree that the contract fails to state any period (or term) of employment, so the agreement is to employ her for an indefinite period. On the other hand, the contract also provides: "If I [plaintiff] am terminated for any reason other than good cause at any time during the first twelve months I will be given a severance payment of $15,000." JRD argues that even the foregoing clause is lost in the rule of at-will employment. We disagree.
Defendant argues that plaintiff's breach of the severance pay clause turns on whether the agreement has a "severability" clause. We think defendant misstates the actual rule. In a decision we find particularly apposite, the court explained the proper analysis. In Robbins v. Frank Fehr Brewing Co., 284 S.W.2d 680 (Ky.1955), the employment contract provided for employment for a stated term, provided for a specific salary, and provided for an annuity when employment was terminated. It turned out that the annuity was unenforceable under the applicable law, but the salary was not. The court thus found it necessary to determine whether the contract "was of a severable nature." 284 S.W.2d at 682. As the court held:
"The essential test is simple. Did the parties give a single assent to the whole transaction, or did they assent separately to several things? The answer is ascertained by viewing the contract as a whole and gathering the intention of the parties from it."
Id. In other words, the question of severability is one of legal construction of the agreement itself. It is not a matter of separate pleading. The court went on to hold that the salary provision was divisible from other parts of the employment agreement that were unenforceable. 284 S.W.2d at 684; see also Quarton v. Am. Law Book Co., 143 Ia. 517, 121 N.W. 1009 (1909) ("The question whether a given contract is entire or separable is very largely one of intention, which intention is to be determined from the language the parties have used and the subject-matter of the agreement.") (quoting Timber Co. v. Windmill Co., 135 Ia. 308, 112 N.W. 771 (1907)).
In this case, we see no evidence of an intent to make the severance pay clause dependent on the validity of the employment clause. The liability for severance pay does not seem to us dependent on whether plaintiff could enforce a promise of employment for an indefinite term. If she could enforce the covenant of employment, there would have been no need to consider the severance pay issue, for her employment would not be severed. Thus, the issue is not whether plaintiff pleaded a severability clause but instead whether the alleged agreement betrays an intent that it be treated as divisible. We conclude that the severance pay clause is severable from the covenant to employ.
The contract principle, known as the rule of validity, further supports a conclusion that severance pay was independent of the promise of employment. That principle holds that in the interpretation of contracts judges will presume that the parties intended a binding, valid agreement, at least in some respect, even if not in all that a party may claim. See James v. Gulf Life Ins. Co., 66 So.2d 62, 63 (Fla.1953) ("Where the language of an *317 agreement is contradictory, obscure, or ambiguous, or where its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, customary, and such as prudent men would naturally execute, while the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred."); Foster v. Jones, 349 So.2d 795, 799 (Fla. 2d DCA 1977) ("If the language of a contract is contradictory, obscure, or ambiguous, or its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, and such as a prudent man would naturally execute, while the other makes it inequitable, unnatural, or such as a reasonable man would not be likely to enter into, then the reasonable, logical, and rational interpretation should be adopted."); Bacon v. Karr, 139 So.2d 166 (Fla. 2d DCA 1962) (contracts duly executed for a lawful purpose should, if legally possible, be upheld); City of Orlando v. Murphy, 84 F.2d 531 (5th Cir.1936) (when possible, contract should receive such construction as will uphold it, rather than render it nugatory). The law assumes that parties have made an agreement for some lawful, enforceable purpose, that courts should not apply a strained or unusual meaning so as to render it entirely unenforceable. Diversified Enters. Inc. v. West, 141 So.2d 27 (Fla. 2d DCA 1962).
In Florida a contract that fails to specify a period of time for employment is terminable by either party at any time. See Savannah, F. & W.R. Co. v. Willett, 43 Fla. 311, 31 So. 246, 247 (1901) ("No action can be maintained for the breach of a contract to employ unless there is some stipulation as to the length of time for which the employment shall continue. If a term of employment be discretionary with either party, or be indefinite, either party may terminate it at any time."); Knudsen v. Green, 116 Fla. 47, 156 So. 240, 242 (1934) ("An agreement to serve and be served at so much per month, with no stipulation as to the term of the services, is terminable at the end of any month at the pleasure of either party to the contract, because a contract for employment fixing an amount to be paid at stated intervals, but with no time limit for its ending, must be construed as a contract terminable at the end of any month by either party at pleasure."); DeMarco v. Publix Super Mkts., Inc., 384 So.2d 1253, 1254 (Fla.1980) ("[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract.") (quoting DeMarco v. Publix Super Markets, Inc., 360 So.2d 134, 136 (Fla. 3d DCA 1978)); Smith v. Piezo Tech. & Prof'l Adm'rs, 427 So.2d 182 (Fla.1983) ("The established rule in Florida relating to employment termination is that `[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract'."). So it is true that one may not sue for breach of at-will employment.
But the unstated premise of defendant JRD's argument is that at-will employees are barred from enforcing severance pay agreements when the promise of employment is unenforceable. As Knudsen shows, however, it is only an action for breach of employment that is barred when the contract of employment is terminable at will; other contractual provisions may not be affected by the at-will employment rule. 156 So. at 243 (holding, under a complaint alleging that an employer entered into a contract of employment with a servant for an indefinite period of time at a *318 monthly salary, that upon a breach of the contract the servant's measure of damages is the worth of the bargain upon which the action is based; not the loss of advantages derived from another contract between the servant and a previous employer, which contract the servant terminated as an incident to entering into the contract alleged to have been broken). In the present case, the damages were awarded for breach of the severance pay clause, not for breach of any agreement to employ plaintiff. Therefore the at-will rule does not apply, and there is no error in the final judgment awarding damages for breach of the severance pay provision. This kind of provision, we dare say, not only makes at-will employment fairer to employees but also makes it easier for employers to attract qualified, talented employees under the at-will doctrine.
We disagree with JRD's argument that the severance pay clause itself fails to state a term and is therefore unenforceable. Even assuming that some fixed duration of liability for severance pay were required by an established principle of contract lawand JRD has not cited to us any authority for such a requirementthe words "twelve months" undeniably refer to a specific and definite period of liability for such pay. Hence there is no reason why the severance pay clause may not be enforced independently of any agreement to employ.
The evidence shows that plaintiff was in fact terminated during the first 12 months of her employment and that good cause was not shown. The fact that the employment itself had no stated period, and is thus at will, does not logically have any effect on a clear agreement to pay severance pay if, during the first year, the employer should exercise its prerogative to terminate employment.
We reject defendants' argument that plaintiff failed to plead a breach of the severance pay clause and that she raised the issue of this breach for the first time during closing argument at trial. Count one of the complaint alleges breach of contract. There she alleged that the failure to pay severance pay as one of several specified breaches of the employment agreement upon which she sued. This count alleges that her termination was made without good cause and that no cause was stated for her termination, an allegation uniquely related to the severance pay claim. In her prayer for relief she asks for judgment:
"for all damages sustained as a result of these breaches of the Employment Agreement, including but not limited to severance compensation per the Employment Agreement ...." [e.s.]
We think this is clearly a sufficient pleading for breach of the severance pay provision. See Fla. R. Civ. P. 1.110(a) (providing that forms of action and technical forms for seeking relief in pleadings are abolished), and Fla. R. Civ. P. 1.110(g) (party may set up two or more statements of same cause of action in one count; all pleadings shall be construed to do substantial justice).
Defendant JRD argues that she did not argue the severance pay issue until after the close of the evidence during closing argument. But the record shows that she had previously argued the severance pay claim in opposition to a motion for summary judgment. Although plaintiff may have claimed a breach of employment, as well as a breach of the severance pay clause, there is no rule against a plaintiff simply abandoning alternative claims or theories of the same cause of action during trialhere, breach of contractand relying solely on the one she believes has the best chance of succeeding. Winnowing *319 claims is what trials are all about. The record does not show that she ever abandoned her claim for severance pay.
We also affirm the final judgment against defendant Weiner for damages on the fraud-in-the-inducement claim. The jury found that plaintiff's employment had been fraudulently induced. We disagree with defendant's argument that fraud in the inducement cannot lie when employment is at will and terminable at any time. There is no reason why even at-will employment cannot be fraudulently induced. Moreover, we think defendant has misread Dewachter v. Scott, 657 So.2d 962 (Fla. 4th DCA 1995). In that case, the problem was that the fraud claim was used as a device to avoid the at-will rule. The claimant there had alleged a breach of a promise of employment for life. The claimant also sought to recover by a cause of action for fraud the same damages that she sought for breach of contract. 657 So.2d at 962-63 ("Even though Dewachter couched her complaint as fraud in the inducement rather than breach of contract, we believe her claim is still barred as it attempts to circumvent the bar to a breach of contract action based on an oral contract terminable at will."). In this case, the fraud claim properly afforded damages to plaintiff not covered by a breach of employment claim. We have reviewed the record and find competent substantial evidence to support the verdict in all respects.
AFFIRMED.
GUNTHER and TAYLOR, JJ., concur.