CRENSHAW, Judge.
 

 In this appeal from a final judgment, Mohammed Shaifur R. Patwary (Shaifur Patwary), his brother Mohammed M. Pat-wary (Patwary), and Roshawn Enterprises, Inc. (Roshawn)
 
 [1]
 
 challenge the trial court’s decision granting Evana Petroleum Corporation’s (EPC’s) motion for partial summary judgment on the Patwarys and Roshawn’s first amended complaint. Dilara Nabi and Habibun Nabi (the Nabis) and EPC
 
 [2]
 
 cross-appeal the trial court’s final judgment based on the Patwarys and Roshawn’s second amended complaint. Because the indefinite duration of an at-will contract does not preclude an employee from recovering compensation, benefits, or other rights earned under the contract prior to termination, we reverse the trial court’s order granting EPC partial sum
 
 *1238
 
 mary judgment. We affirm the final judgment without comment.
 

 Background
 

 Patwary, Shaifur Patwary, and Roshawn entered into a business arrangement with the Nabis and EPC to acquire a Sleep Inn and a Comfort Suites in Fort Myers, Florida. Patwary, through Shaifur Patwary, provided $150,000 to the Nabis and EPC so that EPC could purchase the Sleep Inn. In return, the parties decided Patwary would retain a substantial interest in the Sleep Inn, and EPC and Patwary entered into a “Motel Management, Operation and Profit Sharing Agreement” (the Agreement) on February 4, 2000. The Agreement provided that Patwary would manage the Sleep Inn for EPC in exchange for a fifty percent share of the Sleep Inn’s net profits through the pendency of the Agreement, and a fifty percent share of the Sleep Inn’s net proceeds in the event of a sale. The section of the Agreement referencing a potential sale provides:
 

 8.
 
 SALE OF HOTEL PROPERTY
 
 As further consideration for the services to be provided by the Manager, the Parties agree that if EPC and Manager in its sole discretion, decides to sell the Motel Property during the term of this Agreement, then one-half (1/2) of the “Net Proceeds of Sale” as defined herein and referred to as “Net Proceeds” shall be paid to the Manager....
 

 In December 2001, the Nabis informed Patwary that they had contracted to sell the Sleep Inn to a third party. EPC subsequently fired Patwary without notice on January 17, 2002, and refused to pay him the proceeds and profits he may have accrued under the Agreement. In response, Patwary, Shaifur Patwary, and Ro-shawn filed a first amended complaint against EPC and the Nabis, alleging in count two that EPC breached the Agreement by failing to pay Patwary fifty percent of the Sleep Inn’s net profits and half of the net proceeds from the sale of the property. EPC filed a motion for summary judgment, arguing the claim was barred because it concerned a breach of contract action brought under an agreement without a definite duration. The trial court agreed and granted partial summary judgment as
 
 to
 
 count two of the first amended complaint. This appeal follows.
 
 Discussion
 

 “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.”
 
 Volusia County v. Aberdeen at Ormond Beach, L.P.,
 
 760 So.2d 126, 130 (Fla.2000). Our standard of review is de novo.
 
 Id.
 

 Patwary argues the trial court’s ruling is erroneous because the Agreement’s duration does not prohibit an at-will employee from recovering compensation, benefits, or other rights accrued under the Agreement prior to his termination. We agree. An employer’s right to terminate an at-will contract does not entitle the employer to renounce compensation or other benefits that vest while the contract is in force.
 
 See J.R.D. Mgmt. Corp. v. Dulin,
 
 883 So.2d 314, 317 (Fla. 4th DCA 2004) (“[I]t is only an action for breach of
 
 employment
 
 that is barred when the contract of employment is terminable at will; other contractual provisions may not be affected by the at-will employment rule.”);
 
 see also De Felice v. Moss Mfg., Inc.,
 
 461 So.2d 209, 210 (Fla. 3d DCA 1984) (holding that while an employee under a contract for at-will employment could not maintain an action against his employer for wrongful termination, he could maintain an action for recovery of the bonus earned while the contract was in effect);
 
 Abbott v. Tec-Mill & Supply, Inc.,
 
 178 So.2d 881, 882 (Fla. 3d DCA 1965) (finding an employer generally cannot avoid compensating an
 
 *1239
 
 employee for commissions that the employee earned by performing services prior to his or her termination). Thus, Pat-wary’s claim under count two sought to recover damages resulting from EPC’s failure to pay profits and proceeds to which he became entitled before EPC terminated his employment. Accordingly, material issues of fact remain to be determined, and we reverse the trial court’s order granting EPC partial summary judgment and remand for further proceedings.
 

 Affirmed in part, reversed in part, and remanded.
 

 KELLY and VILLANTI, JJ„ Concur.
 

 [1]
 

 . Patwary is the president of Roshawn, a Florida corporation.
 

 [2]
 

 . The Nabis are officers, directors, and shareholders of EPC, a Florida corporation.